JOHN WHITE, Appellant, *v.* THOMAS G. WATKINS, Appellee.

JOHN WHITE, Appellant, *v.* JOHN MURPHY, Appellee.

APPEAL FROM HANCOCK.

A *scire facias* to foreclose a mortgage, is a proceeding *in rem.*, and no defense can be interposed to it, unless it is shown thereby that the mortgage never was a valid lien on the land; or that it has been discharged or released.

A plea which attempts to set up fraud, should aver a *scienter*.

THESE causes were brought by the appellees against the appellant, by *scire facias* to foreclose mortgage, and depend upon the same questions.

This is a *scire facias* in the usual form, to foreclose mortgages.

Plea alleges: That notes and mortgages in *sci. fa.* mentioned, were given by defendant to plaintiff to secure payment of part of the purchase money of south half of S. 3, 6, 8, on the day of the date thereof, purchased by defendant from plaintiff, and for no other consideration. That defendant purchased upon representations and recommendations of the plaintiff and one John Murphy, together with and through their attorney, Henry Stephens, made to defendant as to the title of said premises. The plaintiff and said Murphy were interested together in said premises, and Stephens was their attorney in the sale of said premises to defendant, and taking said notes and mortgage. That before and at the time of said sale and making said notes and mortgage, the plaintiff and said Murphy and Stephens, stated and represented to the defendant, that the

plaintiff was seized of the fee simple absolute title of said premises; that they were free from all incumbrances; that he, the plaintiff, had good right and lawful authority to convey the same; that the plaintiff had not the patent title thereof, but that he and those under whom he held, had, since the year 1839, been in actual possession of said premises for seven successive years under claim and color of title made in good faith, and that during said seven successive years, he and they have paid all taxes legally assessed thereon; that such color of title originated with an auditor's deed, *prima facie* perfect; and that the plaintiff's title was deduced by a regular chain of conveyances from the grantee in said auditor's deed to the plaintiff. And that defendant, relying upon the said representations of the *plaintiff and said Murphy and Stephens, purchased* said premises from the plaintiff for the sum of $4,160; paid down $1,000 to plaintiff, and executed and delivered four notes and said mortgage for $2,080, and also executed to said Murphy four notes and mortgage for $1,080, on said premises. No part of said eight notes and two mortgages was given for any other consideration than to secure a part of the purchase money of said premises.

That on the 14th of Sept., 1857, defendant paid plaintiff, on said notes and mortgage, $882.80, and to said Murphy, upon his said notes and mortgage, $909.73.

Defendant avers that the title of the west half of said premises at the time of his said purchase from said plaintiff, was, and ever since has been, vested in Hugh M. McGunity, and the east half of said premises in John Stag. That at the time of his said purchase of said premises, the plaintiff had not, nor has he since had, the fee simple absolute title of said premises or of any part thereof, neither had the plaintiff, or those under whom he held, at any time after the year 1839, had possession of said premises for seven successive years, under claim and color of title made in good faith, and paid all taxes legally assessed thereon for said seven years. That he has already paid upon his said purchase of said premises, to the plaintiff and said Murphy, more than his, plaintiff's, interest in said premises, at the time of the defendant's said purchase, was worth, and the defendant now offers to surrender said premises and cancel his said purchase, upon repayment to him by the plaintiff and said Murphy, of the moneys paid by defendant upon such purchase and said notes and mortgage, and also offers to allow reasonable rent for the use of said premises since defendant's said purchase. Says consideration failed; verification, demurrer and rejoinder.

Court sustained demurrer, and rendered judgment foreclosing mortgage.

31

Errors assigned : The court erred in sustaining demurrer to defendant's first plea ; and in rendering judgment against White, foreclosing said mortgage.

FERRIS, HOOKER & EDMUNDS, for Appellant.

A. WHEAT, and S. P. DELANO, for Appellees.

WALKER, J.   The demurrer to the defendant's plea presents the question whether the facts there stated can be relied upon to bar a recovery by *scire facias* to foreclose a mortgage.   This court, in the case of *Hall* v. *Byrne*, 1 Scam. 140, held that in such a proceeding, a want of consideration, a failure of the entire consideration, or a failure of consideration in part, for which the notes and mortgage were executed, could not be interposed as a bar in this proceeding.   And the court again, in the case of *Woodburry* v. *Manlove*, 14 Ill. R. 213, adhered to the doctrine of the former case, and likewise held that the defendant could not interpose a set-off as a defense.   These decisions are based upon the grounds that this is a proceeding *in rem.*, upon a debt of record, and that the statute, authorizing defenses of this character, only relates to bonds, bills, notes and instruments of writing for the payment of money or property, and which are made assignable under the statute.   This being a proceeding *in rem.*, for the sale of the mortgaged property, after the mortgage has been duly acknowledged and recorded, and the last payment has fallen due, no defense can be interposed, but such as show it never to have been a valid lien on the land, or that it has been discharged or released.   The *sci. fa.* is not upon the notes, or upon the mortgage, but it is upon the record, and the statute only authorizes such defenses to notes, bills, etc., and not to a suit on a record, and the statute has no application to a *sci. fa.* on a mortgage, or debt upon a record.   We perceive no reason for being dissatisfied with either the reasoning or the conclusion of the court in those cases, and are therefore not inclined to disturb the doctrine as there settled.

But it is urged that this mortgage, and the notes to secure which it was executed, were procured by representations which were untrue, and that the plea should be regarded as a plea of fraud.   The plea avers that appellant relied upon the statements of the ownership of title, in making the purchase of the land for which the notes and mortgage were given, and that the payee had no title.   Even if this plea might be regarded as a plea of fraud, and not as a plea of failure of consideration, the statute has not given it as a defense to this proceeding, and the same rule must apply to this as to the other pleas going to

the consideration, or set-off, unless such a defense might be interposed under the common law.   Only the defense of payment, discharge, release or satisfaction, could be interposed to a *sci. fa.*, at the common law, and our statute has made no change in that respect.   And in other actions, a plea averring that a specialty upon which suit is instituted, was procured by fraudulent representations, has been held not to be good at common law.   *Taylor* v. *King*, 6 Munf. 358;  *Durr* v. *Munsell*, 13 J. R. 430;  *Franchat* v. *Leach*, 5 Cow. 506;  *Vrooman* v. *Phelps*, 2 J. R. 177.   In our practice in suits upon bills, notes, bonds, etc., this rule of the common law has been departed from, and it may be regarded the settled practice in this State, in ordinary actions upon such instruments, but the practice has never been extended to this proceeding.   The case of *McFadden* v. *Fortier*, 20 Ill. R. 509, is not regarded as being opposed to the views here expressed.   That case does not hold, nor was it intended that it should, that a plea of fraud might be interposed as a defense to a *sci. fa.* to foreclose a mortgage.   It only decided that the plea was bad according to the rule of pleadings.

But even if fraud was an appropriate defense, this plea at most, is no more than a plea of failure of consideration, and we think not even that.   It entirely fails to aver that appellee and the other persons, knowingly, falsely, and fraudulently made the representations, alleged by the plea to have been untrue.   For aught that appears, those making them may have done so in the most perfect good faith.   The *scienter* has always been regarded as an essential ingredient in the perpetration of a fraud, as well as a reliance on the false statements as true, by the person upon whom the fraud has been committed.   The demurrer was, for these reasons, properly sustained to this plea, whether it be regarded as intended as a plea of the failure of the consideration, or as a plea of fraud.

The judgment is affirmed.

*Judgment affirmed.*

WALKER, J.   The record in the case of *John White* v. *John Murphy*, presents the same questions which are considered in the case of *White* v. *Watkins*, and we deem it unnecessary to again discuss them here.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*