ALEXANDER M. WRIGHT *et ux.*

v.

JAMES LANGLEY.

1. JOINDER OF PARTIES — *feme covert defendant.* The only necessity for making the wife of a mortgagor defendant, is to bar her equity of redemption in her right to dower, or to give her the opportunity to redeem, and prevent a sale of the mortgaged premises.

2. DECREE — *mortgage.* A decree which orders and adjudges that the defendants, to and for the use of complainant, pay the sum found to be due on the mortgage, to the master in chancery, is not a personal decree, upon which the mortgagor would be liable, nor could an action and recovery at law be had against her on the decree.

3. PAYMENT OF TAXES — *decree.* It is the duty of the mortgagor in possession, to pay the taxes on the mortgaged premises; if the mortgagee does so, it is not error to allow them, in a decree of foreclosure.

4. PLEADINGS — *stipulation.* A stipulation that the mortgagee has paid taxes on the mortgaged premises, and a prayer by him, in the stipulation, that they may be included in the decree of foreclosure, although informal, may be considered as an amendment to the bill, which will authorize the court to take them into the computation of the amount due on the mortgage, and include them in the decree.

5. STIPULATION — *record* — *proof.* Under such a stipulation, in the record, although the tax receipts do not appear in the transcript, when the clerk certified that it was full and complete, the presumption is, that the receipts were before the court below, and warranted the finding the sum allowed for the payment of taxes, and that the receipts were lost.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. D. M. WOODSON, Judge, presiding.

This was a suit in chancery, commenced on the 10th day of August, 1861, in the Morgan Circuit Court, by James Langley, against Alexander M. Wright and Manervia Wright, to foreclose a mortgage.

The cause came on to a hearing, on the bill, answer, replication, exhibits and proofs, when the court rendered a decree; finding that there was due to complainant, on the mortgage, the sum of $3,645.36, and ordered its payment within ten days, and in default thereof, that the equity of redemption of the defendants, other than the redemption given by the statute, from any sale that might be made, should be foreclosed; and that the master in chancery should sell the mortgaged premises, after giving the required notice of twenty days, and that he should give a certificate of sale to the purchaser, and if not redeemed, that he make a deed to the purchaser for the premises sold.

Defendants below prosecute this writ of error to reverse the decree, and insist that the decree is erroneous, because it requires defendants to pay the money to complainant in ten days; that Mrs. Wright, being a *feme covert*, could not be liable to a personal decree for the money; and that the decree is erroneous in allowing complainant the sum paid by him to discharge the taxes levied upon the mortgaged premises.

Messrs. MORRISON & EPLER, for the Plaintiffs in Error.

Messrs. D. A. SMITH, and H. E. DUMMER, for the Defendant in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case, that Mrs. Wright joined with her husband in the execution of the mortgage described in the bill, and was made a party defendant. It is objected that the decree is erroneous in requiring her to pay the money found to be due on the mortgage. The portion of the decree which is supposed to be erroneous in this respect is

this : " And the court being satisfied by computation, that there is due the complainant in this case, the sum of $3,645.36, including taxes of '60, '61, '62, paid by complainant; it is ordered, adjudged and decreed by the court, that the defendants, to and for his use, pay to the master in chancery of this county, in ten days from this date, said sum of money, with the costs of this suit, and that in default thereof the said defendants be foreclosed of and from all equity of redemption of the mortgaged premises, other than the right of redemption under the statute from any sale that may be made in this case." The decree then provides for a sale of the premises, and the manner in which it shall be made.

The only reason why the wife of a mortgagor, who joins in the execution of such an instrument, should be made a party, is to bar the equity of redemption in her right of dower, or to give her the opportunity, before it is foreclosed, to redeem, and prevent its sale. It is error to render a money decree against her on the foreclosure. If this decree is against Mrs. Wright jointly with her husband for the payment of the decree, then it is erroneous. It nowhere finds that she is indebted, or owes to defendant in error any sum of money. It only finds the sum due to him on the mortgage. It does not declare that he shall recover of plaintiffs in error, the money found to be due him on the mortgage. Nor does it award execution for its collection. Had it been intended as a money decree against the plaintiffs in error, some of these things would have appeared in the decree. We may safely conclude, therefore, that it was only intended as a decree for the sale of the mortgaged premises, but giving plaintiffs in error the right to defeat the sale, by paying the money within ten days. Being such, a suit could not be maintained against Mrs. Wright on the decree, and not being liable for the payment of the decree, it is not, we think, erroneous.

It is, likewise, insisted, that there is no allegation in the bill, or proofs in the record, which warranted the court below in decreeing a payment to defendant in error of the taxes advanced by him on the mortgaged premises. If the mortgagor

remained in possession of the premises, it was his duty to pay all taxes which accrued upon the premises, and failing to do so, the mortgagee had the right to advance them, and look to the mortgagor to refund the money. And whilst there is no allegation contained in the bill, it was stipulated of record, before the cause was heard, that defendant in error had filed vouchers showing that he had paid the taxes of 1860, 1861, and 1862, on the mortgaged premises, and the defendant in error asked the court, in the stipulation, to allow the amount in the decree when made. This is, no doubt, a very inartificial and irregular mode of getting the allegation and prayer into the record, yet we are not prepared to reverse for that reason, if it amounts to an amendment of the bill. We are unable to see any other purpose for which this stipulation was made an order of the court, and we think it authorized a decree for the taxes upon the vouchers filed.

It is also insisted, that as these vouchers do not appear in the record, and there is no evidence of the amount paid for the taxes, the decree cannot be sustained. As a general rule, the evidence upon which a decree is rendered, must be preserved in the record in some mode, or it will be reversed on appeal. But in our practice, where a complete record is never made, depositions and certificates of evidence are liable to be lost, and if an exception to the rule were not made in such cases, the rights of complainants would become very precarious and easily defeated, by the negligence of clerks and other custodians of the records and files of our courts. When the record shows that an exhibit or any other document had been filed, and it appears to have been lost, an exception to the general rule should obtain, and in that case it should be presumed that the exhibit or instrument contained evidence which sustained the decree, as far as it is based upon such lost instrument.

Then, does this record disclose the fact that there was proof of the payment of the taxes? The stipulation of record recites, that vouchers proving that fact had been filed, and this was admitted by plaintiffs in error. The clerk certifies that this is a full and complete record, so far as the same remains in his

office, and his certificate, uncontradicted, imports verity. There has been no suggestion of a diminution of the record, and we must conclude that it contains all that is of record, and that the vouchers, which the record attests were filed, have been lost. And we must presume that when produced they proved the amount which the court found defendant had paid as taxes on the land. For these reasons, the decree of the court below must be affirmed.

*Decree affirmed.*