# JOHN J. CAMP *et ux.*

## *v.*

## DARIUS SMALL, use of ISAAC SMALL.

1. PRACTICE—*preserving evidence in record.* It was assigned as error on foreclosure by *scire facias,* that the judgment greatly exceeded the principal and interest of the note. The note bore ten per cent interest, and was payable with exchange on New York. The record contained no evidence as to what the exchange amounted to. *Held,* that in the absence of such evidence the court would presume proof was made of the amount due for exchange.

2. PARTIES—*foreclosure by scire facias.* In foreclosing by *scire facias* the wife, if she signed the mortgage, is a proper and necessary party in order to bar her equity of redemption and right of dower.

3. SCIRE FACIAS—*who may foreclose by.* Assignment of a note and mortgage does not prevent a foreclosure by *scire facias* in the name of the assignor for use of the assignee. The proceeding is on the mortgage, the legal right to which is in the mortgagee, and he alone can institute the proceeding.

4. PLEADING—*demurrer, failure to abide by.* If a party does not abide by his demurrer he cannot avail on error of any defect in the pleading.

5. SAME—*what may be pleaded to scire facias.* In a proceeding to foreclose by *scire facias,* no defense can be interposed except the defense of payment, discharge, release, satisfaction, or that the mortgage never was a valid lien on the land. Pleas of usury and *non est factum* are not proper.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. JESSE O. NORTON, Judge, presiding.

The case is sufficiently stated in the opinion of the court.

Messrs. McALLISTER, JEWETT & JACKSON, for plaintiffs in error.

Mr. G. D. A. PARKS, for defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding in the Circuit Court of Will county by Darius Small, for the use of Isaac Small, against John T. Camp, and Elizabeth, his wife, to foreclose a mortgage by *scire facias.* The writ was duly executed, and issues made up on the pleas of *non est factum* and usury, and tried by a jury, and a verdict for plaintiff.

To reverse this judgment, the defendants bring the case here by writ of error, and assign several errors: First, that the writ is defective, and did not authorize a judgment upon it; second, that the record shows, that before the institution of the suit, Darius Small had transferred and assigned the note and mortgage to Isaac Small, thereby parting with all his interest therein, and therefore was not entitled under the statute to the writ of *scire facias* to foreclose the mortgage; third, that it was error to render judgment against Elizabeth Camp; and fourth, that the amount of the judgment greatly exceeds the principal and interest of the note.

On this last point it is sufficient to say, there is no evidence preserved in the record except the note and mortgage, on which the verdict was found. The note bore interest at ten per cent, and was payable with exchange on New York. To what that may have amounted, we have no means of knowing, as the evidence is not preserved. In its absence, we must presume proof was made of the amount due for exchange.

On the point that judgment was entered against Elizabeth Camp, this court said, in *Gilbert and Wife* v. *Maggord*, 1 Scam. 471, on a similar objection being made, that we perceive no good reason why she, having signed the mortgage, should not have been made a defendant in the proceeding. On the contrary, there appears to be irresistible reasons why she should be joined and made a co-defendant, as she was one of the mortgagors, and it was necessary, to foreclose her equity of redemption and right of dower, that a judgment should pass against her. The judgment is not *in personam*, but *in rem*, and is only for the sale of the mortgaged premises to satisfy the debt, damages and costs of suit. To the same effect is the case of *Wright* v. *Langley*, 36 Ill. 381. In that case, which was in equity, a decree was taken, ordering and adjudging that the defendants, of whom the wife of mortgagor was one, pay to, and for the use of complainant, the sum found to be due on the mortgage to the master in chancery. It was held, it was not a personal decree upon which the mortgagor would be liable, nor could an action and recovery at law be had against her on the

decree.   This judgment in this record is nothing more than a judicial ascertaining of the amount due, to pay which the mortgaged premises can alone be sold.   The .wife can never be molested by reason of it.

On the second point, the assignment of the note and mortgage did not prevent a foreclosure by *scire facias*, in the name of the mortgagee for the use of the assignee of the note.   The assignment of a note secured by mortgage, only carries the equitable interest in the mortgage, and if this proceeding had been upon the note, the plea that plaintiff had assigned his interest in it before suit brought might have availed.   But the proceeding is on the mortgage, the legal right to which is in the mortgagee, and he alone can institute the proceeding.   In equity the assignee of the note could file his bill to foreclose.

As to the first point made that the *scire facias* is defective in substance, we are unable to see wherein.   A demurrer was interposed to it, and overruled, and the defendants pleaded over.   It is the doctrine of this court, that, if a party does not abide by his demurrer, he cannot avail, on error, of any defect in the pleading.   We take this occasion to say, that neither of the pleas on which issues were made up was pleadable in this case.   It was a proceeding by *scire facias*, to subject mortgaged premises to sale.   It has been held time and again by this court that no defense can be interposed except the defense of payment, discharge, release or satisfaction, or that the mortgage was never a valid lien on the land. *White* v. *Watkins*, 23 Ill. 480; *Carpenter* v. *Mooders*, 26 id. 162.   In this last case it was held that a plea of usury could not be allowed against it.   In *Johnson* v. *The People*, 31 id. 469, it was held the plea of *non est factum* was not a proper plea to a *scire facias* upon a recognizance which had become a matter of record, and for the reason that it is a record.

As to the form of the judgment it is substantially like the one in *Russell* v. *Brown*, 41 Ill. 183, which was held to be proper.

Perceiving no error in the record, the judgment must be affirmed.                                  *Judgment affirmed.*