SAMUEL ZEPP

*v.*

SAMUEL M. HAGER.

| 70  223|
| 78a 622|
| 70  223|
| 183  165|
| 70  223|
| a92a  4640|

1. SERVICE—*by deputy sheriff.* Where a summons is served by a deputy sheriff, it is of no importance that the name of the sheriff is written below that of the deputy in the return, instead of above, as is usually done.

2. EVIDENCE—*parol, to contradict record of a judgment.* If the record of a judgment rendered in a sister State shows that the defendant was personally served with process, or recites any other facts showing jurisdiction over his person, parol evidence is inadmissible to contradict the same in a suit upon a transcript of the record properly certified.

3. JUDGMENT—*of sister State, how far conclusive.* A judgment rendered in a sister State is not regarded as foreign, but as domestic, and the only question that can be inquired into in a suit upon the same, is, whether the court had jurisdiction of the subject matter, and of the persons of the parties.

4. SAME—*evidence as to question of jurisdiction.* If it appears, from the record, that the court which pronounced judgment, had jurisdiction of the person of the defendant, it will be conclusive of the rights of the parties, and no evidence can be heard to impeach it. But where the record fails to show a proper service, or an appearance, the defendant may show that he was not within the territorial jurisdiction of the court, and in no manner submitted himself to its jurisdiction.

5. SAME—*pleading—replication to pleas denying jurisdiction.* If the defendant, when sued upon the record of a judgment of a sister State, which shows a personal service, pleads, denying the jurisdiction of the court over his person, the plaintiff should properly reply that the record shows a personal service.

6. ERROR—*that works no injury.* The exclusion of evidence that could not have changed the result of a trial, affords no ground of reversal.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. RUNYAN, AVERY, LOOMIS & COMSTOCK, for the appellant.

Messrs. HUTCHINSON & LUFF, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was upon a judgment recovered by appellee against appellant, in the District Court in the city and county of Philadelphia.

The first plea was *nul tiel record,* upon which issue was joined; and the second and third pleas were, in substance, the same—that appellant was not, at the time of the commencement of the suit in the District Court, or during the pendency thereof, an inhabitant or resident of the State of Pennsylvania, or in any manner subject to the jurisdiction of that court, and from the time of the commencement of the suit, until the rendering of the supposed judgment, he was not within

the limits of that State; that he was never served with process, nor had any notice of the pendency of the cause, and that he never appeared to defend the suit, nor authorized any one to appear for him.

Upon a trial, a certified copy of the record upon which the action was founded, was introduced in evidence, from which it appeared process had been regularly issued therein, and personally served on defendant in the cause. It is objected, the service was bad, because it was made by a deputy, and not in the name of the sheriff. The return of service purports to be signed by a deputy, and also by the sheriff, and, so far as we can know, it was signed by both of them. But, if the service was made by a deputy, as counsel insist it must have been, if made at all, the fact the name of the sheriff was signed, indicates it was done in his name, and that is sufficient to constitute good service. It is of no importance, the name of the sheriff is written below that of the deputy, instead of above, as is usually done.

Appellant was sworn as a witness, and offered to prove the facts set forth in his second and third pleas, but the court refused to permit the evidence to be given, and that decision is the principal cause assigned for the reversal of the judgment. The court in which the judgment was rendered, was a court of general jurisdiction, and it is shown, from the record, the court had jurisdiction of the person of defendant, by summons regularly issued, and proof of personal service. Unquestionably, the judgment would be conclusive of the rights of the parties in the State where it was rendered, and the question that arises is, whether, in an action to have execution of a judgment in this State, defendant can contradict, by parol evidence, the recital of facts in the record showing jurisdiction.

There is some obscurity in the authorities of the several States upon this question, but we think the rule deducible from the adjudged cases since the decision in *Mills* v. *Duryea,* 7 Cranch, 481, is, that such judgments are not to be regarded

as foreign, but as domestic judgments, and the only question that can be inquired into is, whether the court which pronounced the judgment had jurisdiction of the subject matter and the persons of the parties. Accordingly, it has been held that *nil debet* is not a good plea in an action of debt on a judgment rendered in a sister State. *Chipps* v. *Yancey*, Breese, 19.

By a provision of the Federal Constitution, and an act of Congress passed in pursuance thereof, it is provided, that records and judicial proceedings authenticated "as therein required," shall have such "faith and credit given to them, in every court within the United States, as they have, by law or usage, in the courts of the State from whence the said records are or shall be taken."

At first, it was contended that the act of Congress only provided for the admission of such records as evidence, but did not declare the effect of the evidence, when admitted; but, in *Mills* v. *Duryea, supra*, it was held, the act did declare that the record, duly authenticated, shall have such faith and credit as it had in the State from whence it was taken, and therefore, if, in that State, it had faith and credit of evidence of the highest nature, viz: record evidence, it should have the same in every other State. It is essential, in every case, before such faith and credit shall be given to judicial records of other States, the court that pronounces the judgment shall, itself, have jurisdiction of the subject matter of the suit and of the person of the defendant, for, if it is rendered without such jurisdiction, it is absolutely void, and it would be against good conscience to permit a party to have execution of such a judgment in another State. It is for this reason the courts have permitted the question of jurisdiction to be made the subject of inquiry. The general doctrine, no doubt, is, where it appears, from the record, the court which pronounced the judgment, had jurisdiction by service of process or the personal appearance of the defendant, it will, under the constitution and the act of Congress, be deemed conclusive of the

rights of the parties, and no evidence can be heard to impeach it. But it is otherwise, where the record does not show proper service or an appearance. In such cases, defendant may show he was not within the territorial jurisdiction of the court, nor in any manner submitted himself to its jurisdiction.

The case of *Rust* v. *Frothingham*, Breese, 331, was an action on a judgment recovered in the State of New York, and it was there declared, a record from another State is conclusive evidence of the debt claimed, that it imports absolute verity, and nothing can be alleged against it.

In *Welch* v. *Sykes*, 3 Gilm. 197, the court said: "If the record shows, affirmatively, that the defendant was personally served with process, or personally appeared to the action, it furnishes conclusive evidence of the facts stated, and the defendant can not controvert them." The record on which that action was brought did not show service of process or personal appearance, but did show an appearance by an attorney. The court held, the recitals in the record were conclusive that the attorney did appear, but not that he had the authority to do so, and permitted defendant to contest the fact by evidence.

In *Bimeler* v. *Dawson*, 4 Scam. 536, it was held, where the record of a court of general jurisdiction shows either that defendant was personally served with process, or personally appeared to the action, it is conclusive, and defendant is estopped by it from denying the jurisdiction of the court over his person, but if the record fails to show, affirmatively, personal service or actual appearance in person, it was, at most, *prima facie* proof of the jurisdiction of the court, and its authority to render the judgment.

The doctrine of these cases is believed to be in harmony with the best reasoned cases in other States on this subject.

The case of *Hall* v. *Williams*, 6 Pick. 232, is a well considered case, in which the court say, "the full faith and credit required to be given in each State to the judicial proceedings

of other States will prevent any evidence to contradict the facts which show a jurisdiction, if such appear on the record."

The following cases fully sustain the views here presented: *Bissell* v. *Briggs*, 9 Mass. 463; *Boden* v. *Fitch*, 15 Johns. 121; *Westcott* v. *Brown*, 13 Ill. 83.

Under the pleas in this case, and issue joined thereon, it may be appellant, strictly speaking, was entitled to have the evidence tendered, heard by the court. By the facts alleged in the pleas, it was sought to invalidate the judgment by showing the court had no jurisdiction, and the correct practice would have been for plaintiff to have replied, the record shows personal service on defendant. The issue would have been determined then simply by an inspection of the record. This, appellee did not do, but replied generally to appellant's pleas averring a want of jurisdiction.

But if there was error in this respect, it is apparent appellant was not prejudiced by the decision of the court. The record of the judgment upon which the action was brought was duly authenticated under the act of Congress, and it was properly admitted in evidence. It showed personal service on appellant, and no evidence could overcome the recital of facts which go to show jurisdiction in the court over his person. His only remedy would be against the officer for a false return, in the State where the wrong was perpetrated.

No error affecting the merits of the case appearing in the record, the judgment is affirmed.

*Judgment affirmed.*