MICHAEL MCNAMARA *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.*

*Opinion filed December 18, 1899.*

1. BILLS OF EXCEPTION—*matters not part of record should be saved by bill of exceptions.* Briefs filed in the lower court for and against a demurrer to and motion to quash a *scire facias* issued on the forfeiture of a recognizance, together with affidavits *pro* and *con*, will be stricken from the record, on appeal, unless incorporated in the bill of exceptions.

2. PLEADING—*when scire facias is substantially sufficient as a declaration.* In an action on a forfeited recognizance the *scire facias* is to be regarded as the declaration, and is substantially sufficient if it shows a recognizance properly entered into by the principal and his sureties, a default, judgment of forfeiture and issue of writ.

3. SAME—*what pleas cannot be filed in action on forfeited recognizance.* Pleas of *non est factum, nil debet* and denial of joint or several liability cannot be filed to a *scire facias* issued against sureties upon the forfeiture of a recognizance taken in open court, since the parties cannot dispute those facts appearing of record.

4. SAME—*a plea cannot deny consenting to conditions of recognizance.* In an action against sureties on a forfeited recognizance the defendants cannot plead that they did not stand in open court and

---

*With this case are decided No. 1010, *Mahoney* v. *People*, and No. 1011, *McNamara* v. *People.*

consent to the conditions of the recognizance, since the effect of such plea is to dispute the record.

5. RECOGNIZANCE—*recognizance taken in open court need not be signed.* Under section 3 of division 3 of the Criminal Code a recognizance may be taken in open court, and when so taken need not be signed by the parties, as is required by the preceding section.

6. CONSTITUTIONAL LAW—*act permitting taking recognizance in open court is not unconstitutional.* Section 3 of division 3 of the Criminal Code, providing that a recognizance may be taken in open court and when so taken need not be signed by the parties entering into the same, is not in violation of any constitutional right.

7. CLERKS OF COURTS—*clerk need not make record of recognizance the day it is taken.* Under sections 14 and 15 of the act concerning clerks of courts, (Rev. Stat. 1874, p. 261,) it is not essential to the validity of a recognizance taken in open court that the clerk make a record of the same on the day it is entered into.

APPEAL from the Criminal Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

JOHN T. LONG, for appellants.

E. C. AKIN, Attorney General, and CHARLES S. DENEEN, State's Attorney, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Daniel Coughlin was indicted in the criminal court of Cook county for offering a bribe to a juror. His bail was fixed by the court at $5000. On the 22d day of June, 1899, he appeared in open court with his sureties, Michael McNamara and William F. Mahoney, and entered into recognizance, as appears by the record, as follows: "This day come Daniel Coughlin, as principal, and Michael McNamara and William F. Mahoney, as sureties, and severally acknowledge themselves to owe and be indebted unto the People of the State of Illinois in the penal sum of $5000, to be levied of their goods and chattels, lands and tenements, respectively, yet to be void on the condition that the said Daniel Coughlin shall personally be and appear before the criminal court of Cook county, now in session, on the 23d day of June, A. D. 1899, and from

day to day, and from term to term, and from day to day of each term, until the final sentence or order of said court, to answer unto the People of the State of Illinois upon an indictment for offering a bribe to a juror, now pending in said court against him, and abide the order of said court, and not depart the same without leave, otherwise to be and remain in full force and effect." On the 11th day of July, 1899, Daniel Coughlin failing to appear and answer to the indictment, the recognizance was forfeited and a *scire facias* was ordered against him and his sureties, returnable according to law. On August 7, 1899, the *scire facias* was returned served on William F. Mahoney and Michael McNamara. On the same day a demurrer was filed to the *scire facias*, and also a motion entered to quash. On August 12, 1899, the demurrer and motion to quash were overruled, and leave was granted Michael McNamara and William F. Mahoney to plead to the *scire facias*. The defendants, the sureties, interposed to the *scire facias* seven pleas. Plaintiff demurred to all of the pleas except the fourth, which was a plea of *nul tiel record*, upon which issue was taken. The court, having heard the argument of counsel, sustained the demurrer to pleas numbered 1, 2, 3, 5, 6 and 7, to which ruling of the court the said defendants, Michael McNamara and William F. Mahoney, by their attorney, John T. Long, then and there excepted, whereupon the court then and there proceeded to try the cause by the record on the fourth plea of said defendants and the replication of the People to the said fourth plea, and upon the evidence rendered judgment on the recognizance for the sum of $5000. To reverse the judgment the defendants appealed.

In making up the record in this case the appellants have incorporated therein the brief of defendants filed in the criminal court in support of the demurrer to the *scire facias* and motion to quash; an affidavit of one Whitney, filed at the same time; reply brief of plaintiffs filed in opposition; affidavit of one Walter in opposition to the

Whitney affidavit; reply brief of defendants to brief of plaintiffs; affidavit of Whitney on motion to quash; affidavit of Whitney filed with additional pleas, and other irrelevant matter.   These various matters are not incorporated in the bill of exceptions and are therefore no part of the record.   If they were regarded by the appellants as material in the disposition of the case, the only way they could properly be brought before the court, on appeal, would have been to incorporate them in the bill of exceptions.   As this course was not pursued they can not be considered, and the motion entered to strike them from the record and abstract, and reserved until the hearing, will be allowed.

The next question presented by the record is whether the court erred in overruling the demurrer to the *scire facias*.   In a proceeding of this character the *scire facias* is to be regarded as a declaration, and upon examination it will be found to contain all the averments necessary to authorize a judgment, which is all that is required.   It shows a recognizance properly entered into by the principal and his sureties, a default, judgment of forfeiture and the issuing of the writ, which is substantially all that was required. (*Banta* v. *People*, 53 Ill. 434.)   We think the demurrer, as well as the motion to quash, was properly overruled.   Moreover, the appellants did not abide by their demurrer, but pleaded over, and the rule is well settled that where a party fails to abide by a demurrer, but pleads over, he cannot, on error, avail of a defect in the pleading.   *Camp* v. *Small*, 44 Ill. 37.

The next question presented is, whether the court erred in sustaining a demurrer to appellants' six pleas, or any of them.   The first plea was *non est factum*.   This court has held that a plea of this character is bad in an action upon a record. (*Johnston* v. *People*, 31 Ill. 469.)   The principle upon which the decision is predicated is, that a person cannot dispute a record by saying that it is not his deed.   See, also, *Camp* v. *Small*, *supra*.

The second plea set up that the defendants did not owe the said sums of money, or any or either of them, as set up in the *scire facias*. The plea was, in substance, *nil debet*, which is not a good plea to an action on a record. (*Chipps* v. *Yancey*, Breese, 19; *Zepp* v. *Hager*, 70 Ill. 223.) The reason of the rule seems to be, where the record shows an indebtedness defendant cannot dispute it.

The third plea was one denying joint or several liability. This plea was bad for the same reason that the second was bad. Whatever the liability of the defendants, whether joint or several, appears from the record, which they cannot dispute.

The fifth plea, in substance, averred that the defendants did not stand in open court and consent to the terms and conditions of the recognizance; that they did not sign the recognizance or any bond in said cause; that no recognizance was taken, as provided by section 2 of division 3 of the Criminal Code; that section 3 of division 3 of the Criminal Code is contrary to section 14 of article 2 and section 22 of article 4 of the constitution of the State, and contrary to section 1 of article 14 of the constitution of the United States. As to the first averment of the plea, that they, the defendants, did not stand in open court, that is, in effect, an attempt to dispute the record and plead *nul tiel* recognizance. That cannot be done in a case of this character. (*Mooney* v. *People*, 81 Ill. 134.) As to the averment that they did not sign the recognizance, that is fully met by section 3 of division 3 of the Criminal Code, which provides that "when a recognizance is taken in a court of record, it may be done in open court, and when so taken, need not be signed by the persons entering into the same." As to the averment that the recognizance was not taken as required by section 2 of the Criminal Code, it is not necessary that section 2 should be followed when the recognizance is taken in open court, as was done here. It is finally claimed by the plea that section 3 of division 3 is unconstitutional. No authorities

have been cited to sustain this position and we are aware of none. The statute is an old one, having been in existence at least since the revision of 1845. Its validity has been recognized by this court in a number of cases where recognizances have been entered into in open court under its provisions, and we fail to see wherein it violates the letter or spirit of the constitution of this State or of the United States. Where a recognizance is taken in open court, the surety merely acknowledges himself to be indebted to the People of the State of Illinois in a certain named sum of money, conditioned that if the defendant shall appear and answer an indictment preferred or to be preferred against him, abide the order of the court, and shall not depart the court without leave, such acknowledgment of indebtedness shall be void, otherwise to remain in full force. Wherein an obligation of this character infringes upon the liberty of a surety or violates any of his constitutional rights is not apparent. The fifth plea, in our opinion, failed to set up a valid defense to the *scire facias*, and the demurrer was properly sustained.

The sixth plea was as follows: "And for a further plea in their behalf, defendants say that on, to-wit, since the 22d of June, A. D. 1899, the supposed recognizance contained in the *scire facias* of the said three causes was copied into the said record as of date of June 22, 1899, and that the said record as it at present appears is not the same in said causes as it was on June 22, 1899, and many days subsequent, with reference to said supposed recognizance." The recognizance, as appears from the record, was entered into in open court on the 22d day of June, 1899. There is no allegation in the plea that the record has been tampered with or changed in any respect, but the averment is that the record is not the same as it was on June 22, 1899. Suppose the clerk did not write up the court record as to this recognizance and the other business transacted in court on the 22d day of June, but

made up the record on some subsequent day of the term of court, that fact would not defeat the recognizance,— and that is the substance of the complaint made in the plea. Section 14 of chapter 25 of the statutes provides that the clerk of the court shall enter of record all judgments, decrees and orders of their respective courts before the final adjournment of the respective terms thereof, or as soon thereafter as practicable. Section 15 provides that if any clerk "fails to enter of record any order, judgment or decree of his court when the same ought to have been done, or fails to enter of record all or any of the orders, judgments and decrees of the court by or before the next succeeding regular term of the court after the same is made or rendered, shall be fined by the court not exceeding $100, and for any subsequent offense he may be fined in a like amount, or proceeded against as for a misdemeanor in office and removed from his office." Under these sections of the statute the clerk is not bound to enter the orders or judgments on the day they may be made. They should, however, be made during the term, unless for some good cause they cannot be so made. If, however, they cannot be made before the adjournment they must be entered before the next succeeding term, otherwise the clerk shall be fined or removed from office. Here the fact that the clerk failed to make a record of the recognizance on the day it was entered, but on a subsequent day entered the order as of June 22, did not impair its validity, and the demurrer was properly sustained to the plea.

The seventh plea was, in effect, a plea of *nul tiel* recognizance, and, as said before, a plea of that character interposed to a *scire facias* is not good.

The judgment of the criminal court will be affirmed.

*Judgment affirmed.*