EMMA DELLIBER PETTERSON vs. DAVID WEINSTOCK ET ALS.

First Judicial District, Hartford, May Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Under the common law, which regards a mortgage as a conveyance of title defeasible by performance of the condition of the deed, the only defenses to an action of foreclosure are payment, discharge, release, satisfaction, or the invalidity of the lien; but in equity, where the mortgage is considered merely as security for the payment of the debt, a foreclosure will not be decreed if the mortgagor's failure to fulfil the condition subsequent is the result of fraud, accident or mistake.

Mere forgetfulness affords no ground for equitable relief, nor does mistake when it proceeds from gross or wilful negligence.

One who signs a paper without knowing its express terms is not necessarily precluded from showing facts which will relieve him from the charge of negligence.

In an action to foreclose a mortgage for nonpayment of the first quarterly instalment of interest due upon the principal, the whole of which became immediately payable under an acceleration clause contained in the note, the defendants answered that their failure to make the payment was due to their "mistaken impression" that the dates for interest payments coincided with those for payments on the principal, which were to be made semiannually and not quarterly, and that as soon as the error was called to their attention they tendered the amount to the

plaintiff, who refused to accept it. The answer further alleged that, in purchasing property covered by this mortgage and by two other mortgages, both of which were being foreclosed by the plaintiff for similar defaults, the defendants had paid $20,000 in cash upon the purchase price, had assumed prior incumbrances in excess of $89,000, and had since expended $9,000 in maintenance and improvements. *Held* that the answer stated a good defense to the action, since the mistake therein alleged was a natural one, and not fairly attributable to culpable negligence, and since a denial of equitable relief would inflict extreme and disproportionate hardship upon the defendants and give the plaintiff an unconscionable advantage.

Argued May 4th—decided July 25th, 1927

ACTION to foreclose a mortgage of real estate, brought to the Superior Court in Hartford County where the plaintiff's demurrer to the defendants' answer and cross-complaint was overruled (*Jennings, J.*) and, upon the refusal of the plaintiff to plead further, judgment was rendered (*Marvin, J.*) that upon the tender to the plaintiff of interest due upon the mortgage note, the defendants should be relieved of any default arising from its nonpayment, from which the plaintiff appealed. *No error.*

*Ralph O. Wells,* for the appellant (plaintiff).

*Francis W. Cole,* with whom were *Louis B. Rosenfeld* and *Ernest W. McCormick,* for the appellees (defendants).

HAINES, J. The complaint in this action alleges that on May 28th, 1926, the defendants owed the plaintiff $16,944.06, as evidenced by their joint and several note of that date secured by mortgage upon certain property in Hartford, payable to the plaintiff or order, in instalments, with interest as shown by Exhibit A. From the latter it appears that the instalments on the principal were payable each six months until ten years

from June 1st, 1926, the last instalment being due June 1st, 1936. Interest payments were to be made quarterly from June 1st, 1926, and all payments on both interest and principal were to be made "at such address as the holder hereof may from time to time designate." In the event that any instalment of principal or interest was not paid when due, and the default continued for thirty days thereafter, the unpaid balance on the note should become immediately due and payable. The plaintiff further alleges that the plaintiff designated her residence as No. 36 Capitol Avenue, Hartford, where payments were to be made. The first instalment of interest became due September 1st, 1926, and it was defaulted, and the default continued for more than thirty days thereafter, and so continued at the date of this action, and the note thereupon became wholly due and payable before this action. The note is still owned by the plaintiff and is wholly unpaid. The premises are subject to four prior mortgages, but there are no incumbrances of record upon the property subsequent to the defendants' fifth mortgage. The plaintiff claimed a foreclosure and possession of the property.

The answer admitted all the above facts, except to deny that there was a default, or that the note by reason thereof had become due and payable, and alleged no knowledge as to the present ownership of the note. It also denied that the plaintiff had designated No. 36 Capitol Avenue as a place where payments should be made. By way of special defense, it sets up, further, that the deed by which said premises were conveyed to the defendants also conveyed two adjacent parcels of land, the three constituting the real estate holdings of the plaintiff on the northeast corner of Park and Oak streets in Hartford, and that the defendants were to give the plaintiff a purchase money

mortgage on each parcel, one of these being the mort-
gage involved in this action; that all these purchase
money mortgages are now being sued on in foreclosure
in the same court, the present suit being one of these
three actions, and all are based upon similar circum-
stances and conditions; that the purchase of the entire
three properties involved the assumption by the de-
fendants of upward of $89,000 of prior incumbrances,
the purchase money mortgages aggregating $28,444.06,
and the payment of $20,000 in cash made by the de-
fendants to the plaintiff; that since the transfer to
the defendants, they have spent more' than $9,000 for
expenses of keeping the properties in repair and for
the payment of instalments of principal and interest
on prior mortgages; that on September 1st, 1926, the
defendants were "under the mistaken impression that
said note . . . provided that interest thereon should
be payable 'semi-annually' from June 1st, 1926, rather
than 'quarterly,' and by reason of this mistake, the de-
fendants made no effort on September 1st, 1926, to
ascertain the address of the plaintiff or to make to the
plaintiff a quarterly payment of interest, the defend-
ants at said time by mistake believing that no interest
would be due on said note in any event until December
1st, 1926"; that the plaintiff never notified the de-
fendants or any of them of the fact that they had
failed to make the interest payment which the plain-
tiff claimed was due September 1st, 1926, until after
the expiration of thirty days thereafter, and then im-
mediately, without any other notice to the defendants
whatsoever, served this writ on the defendants and
also the writs in the two other foreclosure actions, and
that immediately upon the service of these writs, the
defendants offered to pay and tendered to the plain-
tiff's attorney, the amount of the quarterly interest
claimed to be due September 1st, 1926, but it was

then and ever since has been refused; and the defendants have ever since been and are now ready and willing, and hereby offer, to pay to the plaintiff any and all over-due interest, or to pay the same into court for the use of the plaintiff. By way of counterclaim, the defendants then set up the essential foregoing facts of the complaint and answer, and ask for a judgment permitting them to pay the plaintiff, or into court for the plaintiff's use, any and all unpaid interest, and that upon doing so, they be relieved of any default which may have occurred by reason of the failure to pay the interest when due, and "relieved of any forfeiture which might ensue by reason of such default," and other relief pertaining to equity.

The plaintiff demurred to the answer because it did not appear that the failure of the defendants to make payment as provided in the mortgage note, was due to any negligence, fault, fraud, or other act or omission of the plaintiff; because it did appear that the sole reason for the failure was the mistake or negligence of the defendants to which the plaintiff in no way contributed, and, generally, because facts were not alleged constituting an equitable defense to the action of foreclosure. The plaintiff likewise demurred to the counterclaim because no facts were stated from which it appeared that the defendants were ignorant of the plaintiff's address, or, if ignorant, made any effort to ascertain it; because it did not appear that the failure to pay the interest when due, or within thirty days thereafter, was due to any fault, negligence or misconduct, acts or omissions of the plaintiff, or that the alleged failure of the plaintiff to give an address in accordance with the provisions of the mortgage note, was the cause of the defendants' failure to make the interest payment when due, or within thirty days thereafter, but that the cross-complaint did allege by ref-

erence to the answer, that such failure to pay the interest was due solely to mistake on the part of the defendants only, to which mistake the plaintiff in no way contributed.

The court overruled these demurrers, and the plaintiff, failing to plead further, judgment was entered for the defendants granting the prayer of the counterclaim, and the plaintiff appealed from that judgment. All the questions raised by the appeal relate to the action of the court in overruling the plaintiff's demurrers to the answer and counterclaim.

It is conceded by the defendants that no notice of the intention of the plaintiff to exercise her option to declare a forfeiture was necessary before beginning this proceeding in foreclosure. Under the terms of the note, the default in the payment of the interest gave the plaintiff a clear right to declare a forfeiture and foreclose the mortgage; and a court of equity will not refuse to enforce this right unless the facts alleged by the answer and counterclaim are such as to bring the case within well-recognized principles of equity.

At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction; *White* v. *Watkins,* 23 Ill. 480; or, if there had never been a valid lien. *Carpenter* v. *Mooers,* 26 Ill. 162; *Camp* v. *Small,* 44 Ill. 37. Under the common-law conception of a mortgage, the mortgagee received a title to the property subject to be defeated by the performance of the condition of the mortgage by the mortgagor, while the view of equity is that the mortgage is merely a lien upon the property for securing the payment of the debt. This latter conforms, of course, more closely to the real intent of the parties. Pomeroy's Equity Jurisprudence, Vol. 1 (4th Ed.) p. 709, says: "Looking at the real intent of the parties, and considering the debt as the

substantial feature, and the conveyance as a security, only, for its payment, the court of chancery declared that a breach of the condition was in the nature of a penalty which ought to be relieved against, and that the mortgagor had an equity to redeem on payment of the debt and interest, notwithstanding the forfeiture at law"; and commends this as a fine example of the triumph of equitable principles over the arbitrary and unjust dogmas of the common law. So, if the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had; 1 Pomeroy's Equity Jurisprudence (4th Ed.) § 162; *Wilcox* v. *Allen*, 36 Mich. 160; *Bell* v. *Romaine*, 30 N. J. Eq. 24; *Bennett* v. *Stevenson*, 53 N. Y. 508; and this equitable consideration has long been recognized in this State. *Doty* v. *Whittlesey*, 1 Root, 310; *Crane* v. *Hanks*, 1 Root, 468; *Bridgeport Savings Bank* v. *Eldredge*, 28 Conn. 556; *Bostwick* v. *Stiles*, 35 Conn. 195, 198.

The controlling question in the present case is whether the failure of the defendants to make the interest payment when due, entitled the plaintiff to the foreclosure even if that failure was caused by the mistaken impression in the mind of the defendants that the note in the hands of the plaintiff required semiannual rather than quarterly payments, and therefore that no interest was due on that date.

It is to be observed that while the several notes provided for *quarterly* payments of interest, they provided for *semiannual* payments upon the principal. Not only so, but this was the first interest which had matured, so that no previous payments had served to fix the date in the defendants' minds. It is not difficult to see, therefore, how this confusion occurred, and the mistake is a natural one. In its facts the case closely resembles *Trowbridge* v. *Malex Realty Corp.*,

183 N. Y. Supp. 53. The plaintiff argues that this was mere forgetfulness on the defendants' part, and cites cases to the effect that mere forgetfulness does not constitute a sufficient defense. It has been so held in this State. *Fountain Co.* v. *Stein,* 97 Conn. 619, 624, 118 Atl. 47. But it is not a case of mere forgetfulness. There is no allegation or suggestion that the defendants forgot to make the payment. The allegation that the payment was not made because the defendants believed that the payment was not due until December 1st, 1926, indicates unmistakably that the defendants had the payment in mind and did *not* forget it. If the charge of forgetfulness is meant to apply to the defendants' failure to recall accurately the provision in the note, it does not necessarily follow that they were chargeable with knowledge of the date from the fact that they signed the note; they claim mistake, and their evidence might show that they could not equitably be so charged. It clearly appears that this failure was the result of a mistake. This aspect of the question is therefore narrowed to whether a mistake of this character is a sufficient defense to a foreclosure action in a court of equity.

While the general statement that mistake is a ground of equitable interference is undoubtedly sound, it does not follow that all mistakes of every character constitute such ground, without reference to the circumstances. A mistake resulting from wilful or gross negligence would be an exception. It is true, as we said in *Fountain Co.* v. *Stein, supra,* that equity will not relieve against wilful or gross negligence. Equity will inquire whether a refusal of relief because of a mistake, would be unconscionable in its consequences, and a hardship to the mortgagor; or whether the enforcement of the letter of the bargain would give the plaintiff an unconscionable advantage over the defendant.

*Console* v. *Trochinsky,* 97 Conn. 353, 356, 116 Atl. 613.

In the present case it is obvious, we think, that a foreclosure would impose a hardship upon these defendants. They had but recently acquired a large property, had invested $20,000 in cash at the outset, assumed the payment of more than $89,000 of prior mortgages, and since the purchase had further expended more than $9,000 in maintenance and improvements. The necessity of raising the additional large sums within a short period, to meet this obligation to the plaintiff, on the penalty of losing the property altogether by strict foreclosure, imposes an undoubted hardship upon them.

On the other hand, where does a denial of foreclosure in any way injure the plaintiff? Her security is not impaired. On the contrary, her security has been increased since she accepted these mortgages, and will be still further increased by the instalment payments on the principal which the contract contemplates. If foreclosure is denied, she is in a much more secure position than she was when she made the contract with the defendants.

But financial considerations are not the only subject of equitable inquiry. The conduct of the parties in bringing about the present situation should be examined. In this connection, we find no wilful default on the part of the defendants. The allegations of the pleadings do not show they were, of necessity, negligent. Though they signed the notes, they were not debarred from showing facts which would excuse them from a charge of negligence in not being aware of their express terms. *West* v. *Suda,* 69 Conn. 60, 62, 36 Atl. 1015; *Fidelity & Casualty Co.* v. *Palmer,* 91 Conn. 410, 416, 99 Atl. 1052. They were not necessarily negligent, unless it be said that they should have resolved any doubt they had about the due date, by an

inquiry of the plaintiff or an examination of the papers of record. They appear to have had no such doubt. If they had, and had failed to take the means open to them to settle the matter, the claim of negligence might be valid, but we do not think wilful or gross negligence can be fairly charged against them under the circumstances set forth in the record. We adopted the following liberal statement in *Fountain Co.* v. *Stein,* 97 Conn. 619, 626, 118 Atl. 47: "As a general rule a party will not be given relief against a mistake induced by his own culpable negligence. . . . But the rule is not inflexible and in many cases relief may be granted although the mistake was not unmixed with some element of negligence, particularly where the other party has been in no way prejudiced"; see also 69 L.R.A. 863, note; 21 Corpus Juris, p. 88, § 64; and we added: "We think the better rule to be that in cases of wilful or gross negligence in failing to fulfil a condition precedent of a lease, equity will never relieve. But in case of mere neglect in fulfilling a condition precedent of a lease, which does not fall within accident or mistake, equity will relieve when the delay has been slight, the loss to the lessor small, and when not to grant relief would result in such hardship to the tenant as to make it unconscionable to enforce literally the condition precedent." *Fountain Co.* v. *Stein,* 97 Conn. 619, 626, 118 Atl. 47.

Turning now to the plaintiff's conduct as revealed by the record. Whether the plaintiff failed to advise the defendants of the address to which interest payments could be sent as provided in the note, is a disputed question in the pleadings. It is true it is affirmatively alleged in the answer, that such address was not given by the plaintiff, and this allegation is admitted by the demurrer for the purposes of the argument; but the admission loses force from the fact that

it is apparent that this failure was not in any way the cause of the default; that cause is alleged and claimed to be solely the mistake of the defendants.

It does appear, however, that the plaintiff did not communicate in any way with the defendants after she saw the thirty-day period was running against them, thus evincing no wish to procure the payment from them. While this was her legal right, as it also was to bring suit immediately when the thirty days had elapsed, it can hardly be freed from the suspicion that she was anxious to take advantage of their oversight. This is confirmed by the refusal to accept the full amount due, with interest and costs, immediately after the matter was brought to the defendants' attention.

We cannot escape the conviction, which the trial court likewise appears to have had, that the plaintiff was deliberately seeking to take advantage of the dereliction of the defendants and force them to either surrender the property altogether or pay this large sum of money at once instead of during a long period of time, as both had contemplated when the contract was made. The acceleration clause could not have been agreed upon by the parties with such purpose in view. Its manifest object was to enable the plaintiff to protect her investment if the default of the defendants satisfied her that it was being jeopardized.

While seeming conflict exists in some of the decisions of other jurisdictions in the application of these principles of equity, it will be found upon examination that much depends upon the facts of the particular case. Our practice in this State has been to give a liberal interpretation to equitable rules in working out, as far as possible, a just result.

The terms of the contract were fair; and when made, were obviously satisfactory to both parties. Nothing

has since occurred to show that the plaintiff's interests are in any way menaced or restricted; and she can be adequately compensated without foreclosure. To grant foreclosure would not be fair to these defendants, for the reasons pointed out. We think equity calls for the intervention of the court under the circumstances, and that the action of the trial court in overruling the demurrers was correct and reached a just result.

There is no error.

In this opinion the other judges concurred.