[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE
This is an action arising out of the breach of a real estate contract. On December 20, 1990, the plaintiffs Mark and Suzanne Robotham filed a two count complaint against the defendants Michael and Melanie Knap. The first count alleges breach of contract in that the defendant-sellers have refused to return the plaintiff-buyers' deposit monies. The second count seeks a foreclosure of a purchaser's lien pursuant to Conn. Gen. Stat. 49-92a.
The defendants move to strike the second count of the complaint on the grounds that the plaintiffs' contract lacks the statutory requirements for a proper and valid purchaser's lien as required by Conn. Gen. Stat.49-92a.
A motion to strike challenges the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990).
Conn. Gen. Stat. 49-92a provides in relevant part that:
 A purchaser's lien is created for the amount of the deposit paid pursuant to and stated in a contract for the conveyance of land by the recording of that contract in the records of the town in which the land is situated, provided the contract is executed by the owner and by the vendee of the land, witnesses and acknowledged in the same manner as required for a deed for the conveyance of land and describes the particular land to which it refers. . . . (emphasis added).
The defendants, in support of the motion to strike, argue that the contract is not "witnessed and acknowledged in the same manner as required for a deed for the conveyance of land." The plaintiffs, in opposition to the motion to strike, admit that the contract is not witnessed or acknowledged but submit that the defendant must plead this alleged defect as a special defense. In addition, the plaintiffs argue that the defendant have waived and are now estopped from asserting the requirements of witnesses and acknowledgment since they failed to insist upon the same at the execution of the contract. The plaintiffs cite Davidson v. O'Connell, 114 Conn. 116,124 (1932), for the proposition that defects in the execution of a deed may be waived by the parties by conduct constituting ratification. The plaintiffs contend that this rule is applicable to Conn. Gen. Stat. 49-92a.
The invalidity of a lien is a valid defense in a foreclosure action. CT Page 3088 Petterson v. Weinstock, 106 Conn. 436, 441 (1921). The defendants should plead the invalidity of the purchaser's lien as a special defense. Accordingly, the motion to strike is denied.
SUSCO, J.