[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR DEFAULT FOR FAILURE TO DISCLOSE OR DEFINE
The plaintiffs here move for default for failure to disclose a defense. The defendant, Susan Galati, filed, as a defense, lack of knowledge of ownership of a condominium unit, upon which the plaintiff seeks foreclosure. In their motion, the plaintiffs contend that this defense does not constitute a legal defense.
In Petterson v. Weinstock, 106 Conn. 436, 138 A. 433
(1927) the supreme court upheld a trial court ruling which held that the mortgagee's failure to meet technical mortgage requirements did not permit the mortgagor to foreclose. The court stated: "At common law, the only defenses to [mortgage foreclosure would have been payment, discharge, release, or satisfaction . . .; or if there had never been a valid lien . . . [I]f the mortgagor is prevented by accident, mistake, or fraud from fulfilling a condition of the mortgage, foreclosure cannot be had." Id.
"[I]t does not follow that all mistakes of every character constitute such ground without reference to the circumstances. . . [E]quity will not relieve against willful or gross negligence. Equity will inquire whether a refusal of relief because of a mistake would be unconscionable in its consequences and a hardship to the mortgagor." Id.
This holding was followed in Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327 (O'Sullivan, J. (1944)).
In the present case, even if the defendant's lack of knowledge is considered a mistake, it would constitute gross negligence. Further, the refusal of relief would prejudice the plaintiff, which alleges an outstanding debt.
For these reasons, the motion is granted.
By the court, CT Page 9967
CHARLES D. GILL JUDGE, SUPERIOR COURT