[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The second amended complaint adequately states the interest of the FDIC, and on the face of the complaint there is no legal merit to the first special defense.
The second special defense states: "From time to time the plaintiff charged and collected interest in excess of that allowed by the note at issue." That is all it states. A motion to strike can be used to challenge the legal sufficiency of a special defense. Conn. Practice Book 152(5); Mingachos v. CBS, Inc., 196 Conn. 91,108. In ruling on the motion, the court is limited to the allegations in the challenged pleading. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. If the facts provable under its allegations support a defense, the motion must be denied, Mingachos v. CBS, Inc., supra, 109, but the motion does not admit legal conclusions. Id., 108.
The defenses to a foreclosure action are limited. See Petterson v. Weinstock, 106 Conn. 436, 444-42. The defense pleaded amounts to no more than a claim of periodic error in calculating the interest on the note, which may effect the amount of the debt, but it does not allege facts sufficient to prevent foreclosure of the mortgage under recognized defenses. Proper calculation of the mortgage debt must occur in any case, and does not require a special defense. In an unusual case the court can refuse the equitable remedy of foreclosure or reduce the amount of the debt where enforcement of the terms of the mortgage would be unconscionable, Hamm v. Taylor, 180 Conn. 491,497, but the special defense does not contain sufficient facts to raise that defense.
The motion to strike the first and second special defenses is granted.
ROBERT A. FULLER, JUDGE CT Page 3056