[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES
In this case, the plaintiff has filed a two count complaint CT Page 9326 seeking foreclosure of certain real property and seeking possession of certain personal property and intangibles in which the plaintiff claims a secured interest. The defendants Carl M. Coppola, Jr., Ernest C. Trefz, and Daniel Portanova were business partners who borrowed over $5 million from City Trust in 1988 and mortgaged or pledged the disputed property as security. The plaintiff Joan Trefz, who eventually acquired the paper, is the wife of one of the defendants.
The co-defendant Carl Coppola, Jr. has answered and filed special defenses and counterclaims alleging, inter alia, that the plaintiff's acquisition of the paper without the knowledge or consent of her husband's partners, was not an arm's length transaction, and indeed was part of a conspiracy with her husband to shut the defendant Coppola out of the partnership, deprive Coppola of his share of the property, and burden him with any deficiency judgments. The plaintiff moves to strike these claims on the grounds that they do not constitute proper special defenses to a foreclosure action.
There are two lines of cases with which Connecticut courts continue to wrestle in foreclosure proceedings. One is the strict limitation of defenses to those that show, as a matter of law, that the plaintiff cannot recover, such as payment, discharge, release, satisfaction, and invalidity of the lien. See, e.g., Petterson v.Weinstock, 106 Conn. 436 (1927). These defenses relate to the making, validity, or enforcement of the note or mortgage.
The other line of cases holds that a foreclosure is an equitable action and is a remedy that the court may, in its sound discretion, withhold in order to do complete justice between the parties. See, e.g., Hamm v. Taylor, 180 Conn. 491, 497 (1980).
Here the essential claim of the defendant is that the foreclosure is being utilized by the plaintiff not simply to recover on a defaulted loan but to obtain exclusive possession of the partnership assets and foist substantially all of the liabilities of the former partnership onto the defendant. Unless the defendant Coppola's special defenses are allowed to stand, he will be deprived of the opportunity to show why equitably the court should withhold foreclosure.
The court is of the opinion that the alleged conduct of the plaintiff implicates the enforceability of the note. Therefore, the court declines to strike the special defenses. CT Page 9327
The motion to strike is denied.
Patty Jenkins Pittman, Judge