[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On June 22, 1994, the plaintiff, Shawmut Mortgage Company (Shawmut), filed a foreclosure action against the defendants, Barbara Nichols, Charles B. Libby and Ann Huminski. In its complaint, Shawmut alleges that the defendants by note dated April 3, 1992, "promised to pay Mortgage Service of Connecticut, as assigned to Shawmut Mortgage Company the principal sum of $200,000.00 . . . ." Shawmut seeks a foreclosure of the mortgage debt, alleging that the payment due under the note for January 1, 1994, has not been paid and that Shawmut under the terms of said note now declares the entire balance due and owing.
On September 14, 1994, defendant Barbara Nichols filed an answer and three special defenses. In her answer, Nichols admits the allegation of paragraph one of Shawmut's complaint that she was a signatory to the note assigned to Shawmut. Nichols asserts as her first special defense that "[b]y way of accord and satisfaction, and in regular payment of her obligations to Plaintiff, Defendant Nichols has offered and continues to offer to pay the same monthly payments she has always made to Plaintiff, and Plaintiff has always accepted, in satisfaction of the Note and Mortgage. Plaintiff has arbitrarily refused to continue to accept her payments."
The second special defense asserts that "[b]y way of set-off, Plaintiff holds over $17,000.00 of funds in escrow to be paid to Defendant Nichols which offset any payments which have not been accepted by Plaintiff."
Nichols asserts as a third special defense that she "is an unemployed or underemployed person and the subject property is her principal residence. She claims that she is entitled to protection from foreclosure pursuant to Connecticut General Statutes §§ 49-31, et seq., for which she will apply as soon as proper affidavits and documents are available from the other Defendants in accordance with § 49-31f(b)."
On January 17, 1995, Shawmut filed a motion for summary judgment as to Nichols on the ground that there is no genuine issue as to any material fact with respect to defendant's default of CT Page 6853 payment on the note and that Shawmut is therefore entitled to judgment as a matter of law. In support of its motion, the plaintiff has filed a memorandum of law; a copy of the open-end mortgage deed executed between Shawmut and all defendants; a copy of the mortgage note; and affidavit of debt by Michael Ellis, a foreclosure counselor with Shawmut; and a copy of the title search performed on the subject property.
Practice Book § 384 provides that "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See also Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id.
Generally, the defenses available in a foreclosure action are limited to payment, discharge, release, satisfaction or invalidity of a lien. Petterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433
(1927); Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327, 328
(Super.Ct. 1994). Some courts, however, have exercised their equitable powers and recognized allegations of mistake, accident, fraud, equitable estoppel, CUTPA, breach of the implied covenant of good faith and fair dealing, laches and the refusal to agree to a favorable sale to a third party as valid defenses to a foreclosure action. See, generally, Lawall Realty Ltd. v. Auwood, Superior Court, judicial district of New London, Docket No. 527050 (March 1, 1994) and cases cited therein. In Lawall Realty Ltd. v. Auwood,
supra, the court reviewed the split of authority found among trial courts in Connecticut regarding the scope of available defenses to a foreclosure action and adopted the rationale that only "those equitable defenses which attack the making, validity or enforcement of the lien should be recognized in a foreclosure action."
Shawmut has moved for summary judgment on the ground that it is entitled to judgment as a matter of law because there is no genuine issue as to any material fact with respect to Nichols' default on payment of the note. Furthermore, Shawmut argues in its memorandum of law in support of its motion that each of Nichols' special defenses "fail to plead facts which are consistent with the allegations of the plaintiff's complaint, but show, notwithstanding, that the plaintiff has no cause of action." In CT Page 6854 support of its motion for summary judgment, Shawmut has filed a copy of the mortgage deed and note signed by Nichols and the affidavit of Michael J. Ellis, a foreclosure counselor with Shawmut. Ellis states in his affidavit that Nichols has defaulted on the payment due on January 1, 1994, under the terms of the note and that at no time had Nichols "reached an agreement with the plaintiff with respect to altering the payment terms on this obligation, nor had the plaintiff at any time accepted an offer of an accord."
None of the special defenses asserted by Nichols are defenses generally recognized in a foreclosure action; see Petterson v.Weinstock, supra. Furthermore, given Nichols' admission as: to the making of the note and her failure to file any documents in opposition to Shawmut's motion for summary judgment, this court adopts the reasoning of the court in Lawall Realty. Because Nichols' special defenses, standing alone, fail to attack the making, validity or enforcement of the lien, Shawmut's motion for summary judgment is granted.
By The Court Curran, J.