[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #122
The plaintiff, Dime Savings Bank of New York, filed an amended complaint on August 18, 1995 seeking foreclosure of a mortgage on a condominium owned by Maria Lombardi. The complaint alleges that Maria Lombardi defaulted by failing to pay common charges due in the condominium. The condominium rider provides that the lender may pay condominium dues and assessments if the borrower does not, and any amounts disbursed by the lender shall become additional debt of the borrower secured by the security instrument. Maria Lombardi filed a revised answer, special defenses, and counterclaims on December 11, 1995. The plaintiff filed a motion to strike the special defenses and counterclaims on January 12, 1996, the defendant filed a memorandum in opposition on February 7, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal CT Page 4225-DDD conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group, Inc., supra, 224 Conn. 215.
The plaintiff argues that the defendant's special defenses do not set forth a legally cognizable defense to the facts in the complaint, and the counterclaim is irrelevant. The defendant alleges in her special defenses that the plaintiff received information regarding her arrearage from someone who was not authorized to provide such information, the amount due is in dispute but money was placed in escrow pending a resolution, the amount of legal fees alleged is incorrect, the plaintiff had a duty to make a reasonable investigation as to the validity of the allegations but did not do so and acted in bad faith in this regard. The counterclaim alleges essentially the same, charging that the assessment fines were not in accordance with General Statutes § 47-244, and the failure of the plaintiff to investigate the charges resulted in fiduciary negligence.
The traditional special defenses available in a foreclosure action are payment, discharge, release, satisfaction, and invalidity of a lien. Petterson v. Weinstock, 106 Conn. 436, 441,138 A. 433 (1927); Dime Savings Bank v. Albir, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, and fraud; Petterson v. Weinstock,
supra, 106 Conn. 442; equitable estoppel; Tradesman's NationalBank of New Haven v. Minor, 122 Conn. 419, 422-25, 190 A. 270
(1937); CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defense. Dime Savings Bank v. Albir, supra.
These special defenses have been recognized as valid special defenses where they are legally sufficient and address the making, validity or enforcement of the mortgage and/or note.Lafayette Trust Co. v. D'Addario, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293534 (October 7, 1993, Maiocco, J., 10 Conn. L. Rptr. 224); Shoreline Bank CT Page 4225-EEETrust Co. v. Leninsky, Superior Court, judicial district of New Haven at New Haven, Docket No. 335561 (March 19, 1993, Celotto, J., 8 Conn. L. Rptr. 522, 524); Bristol Savings Bank v. Miller,
Superior Court, judicial district of, Hartford/New Britain at Hartford, Docket No. 512558 (October 19, 1992, Aurigemma, J.,7 Conn. L. Rptr. 517, 518).
The defendant makes a number of arguments based on facts outside the record. The court is limited to the facts alleged in the pleadings. Novametrix Medical Systems v. BOC Group, Inc.,
supra, 224 Conn. 214-15. The court will not consider the attachments filed with the defendant's memorandum in opposition, most of the statement of facts and much of the argument section. Furthermore, at oral argument the defendant mentioned an agreement whereby the defendant was to provide services to the condominium to pay part of her condominium dues. However, this agreement is not mentioned in the answer, special defenses and counterclaim and will likewise not be considered.
The court has held that "a breach of a duty of good faith and fair dealing based upon common law principles is a valid defense to a foreclosure action." Bank of Boston Connecticut v.Calabrese, Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.); Citicorp Mortgage,Inc. v. Kerzner, Superior Court, judicial district of Milford/Ansonia at Milford, Docket No. 036379 (January 15, 1993, Curran, J., 8 Conn. L. Rptr. 229). In Bank of Boston Connecticutv. Calabrese, the defendant alleged that the plaintiff induced the defendants to agree to the appointment of a voluntary receiver of rents but then initiated the foreclosure proceeding although sufficient funds were being collected. The court denied the motion to dismiss, finding that the special defense of a breach of good faith was a recognized defense.
The plaintiff responds that the defendant has not alleged bad faith conduct. However, in paragraph six the defendant alleges bad faith in the plaintiff's decision to enforce the note. The defendant has stated a sufficient special defense, and the motion to strike the special defenses is denied.
The plaintiff next argues that the counterclaim should be stricken because it does not state a claim upon which relief can be granted. The counterclaim alleges that the fines and charges owed by the defendant are still in dispute, the defendant had a duty to investigate the claims relating to the common charges and CT Page 4225-FFF did not make a reasonable investigation, and there was a breach of fiduciary duty. The defendant does not allege a fiduciary duty. "No per se fiduciary relationship exists by virtue of the borrower-lender relationship between a bank and a customer . . . without exceptional circumstances that would establish the existence of a confidential relationship." Krondes v. NorwalkSavings Society, Superior Court, judicial district of Fairfield, Docket No. 288828 (April 3, 1995, Levin, J.), quoting Torke v.FDIC, 761 F. Sup. 754, 757 (D. Colo. 1991); People's Bank v.Mandel, Superior Court, judicial district of Fairfield, Docket No. 290831 (October 15, 1992, Stodolink, J.); Bristol Savings v.Miller's Chevrolet, Superior Court, judicial district at Hartford, Docket No. 703524 (April 27, 1993, Satter, STR,8 CSCR 503). "A fiduciary relationship may arise where there is a long history of dealings between the plaintiff and the bank, and where the bank acts as the plaintiff's financial advisor . . . or where the bank gains the confidence of the borrower and purports to act or advise with the borrower's interest in mind." Krondes v.Norwalk Savings Society. supra. The defendant has not alleged exceptional circumstances beyond the normal mortgagor/mortgagee relationship. Furthermore, the defendant does not repeat its allegations that the plaintiff acted in bad faith, therefore the defendant has not alleged a breach of the duty of good faith. Accordingly, the defendant has not stated a claim upon which relief can be granted, and the plaintiff's motion to strike the counterclaims is granted.
RYAN, J.