[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (NO. 169)
The plaintiff, Praedium Chief LLC, is the owner and holder of several notes, mortgages and loan documents upon which the defendants, Thomas Sargent, Thomas Febbraio, Edmond Chittenden, Inc., and Colony Associates Partnership (collectively "defendants"), are mortgagors and/or guarantors. The defendants have defaulted on the various loans. On November 29, 1995, the plaintiff filed a complaint against the above named defendants seeking foreclosure on the properties which are the subject of the notes, mortgages, and loan documents.[1] On June 20, 1996, the defendants filed an amended answer with special defenses, the second of which alleges that the plaintiff breached an implied covenant of good faith and fair dealing contained in the note and mortgage agreements. On June 26, 1996, the plaintiff filed a CT Page 5284-OOOOOOOO motion to strike the defendants' second special defense on the ground that it is not a valid special defense to a foreclosure action under Connecticut law and is legally insufficient. Both parties have filed briefs in support of their positions.
A motion to strike is the proper vehicle for contesting the legal sufficiency of a special defense. Practice Book § 152. In ruling on a motion to strike a special defense, the trial court will take the facts to be those alleged in the special defense(s) and will construe those defenses in the manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
In support of its motion to strike, the plaintiff argues that breach of an implied covenant of good faith and fair dealing is not a recognized special defense to a foreclosure action under Connecticut law and, in any event, does not address the making, validity, or enforcement of the note. As a further basis for its motion, the plaintiff argues that the defendants cannot prevail on a breach of an implied covenant claim without pointing to the breach of a specific contractual provision by the plaintiff.
In response, the defendants argue that since foreclosure actions are peculiarly equitable, and since the court may entertain all issues to ensure that complete justice is done between the parties, the court should not grant the plaintiff's motion to strike their second special defense. Specifically, the defendants claim that, sometime prior to the default which led to this foreclosure action, the plaintiff had induced one of the defendants' tenants to move into one of the plaintiff's own buildings, causing the defendants a loss of income and rendering them unable to pay the mortgage held by the plaintiff. The defendants claim that, in the commercial mortgage financing context, rent rolls are the primary source of funding, and it was reasonable for the defendants to expect that the lender would not interfere with the defendants' tenants. Upon this ground, the defendants ask the court to deny the plaintiff's motion.
The traditional special defenses available in a foreclosure action are payment, discharge, release, satisfaction, and invalidity of a lien. Petterson v. Weinstock, 106 Conn. 436, 441,138 A. 433 (1927); Dime Savings Bank v. Albir, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed CT Page 5284-PPPPPPPP mistake, accident, and fraud; Petterson v. Weinstock, supra,106 Conn. 442; equitable estoppel; Tradesman's National Bank of NewHaven v. Minor, 122 Conn. 419, 422-25, 190 A. 270 (1937); CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. Dime Savings Bank v. Albir, supra. Other defenses which have been recognized are usury; Atlas Realty Corp.v. House, 120 Conn. 661, 666, 183 A. 9 (1936); unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946
(1988); duress, coercion, material alteration, and lack of consideration. Dime Savings Bank v. Albir, supra. Additionally, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed as a waiver of a right to accelerate the debt. Christensen v. Cutaia, 211 Conn. 613, 619-20,560 A.2d 456 (1989).
These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note.Lafayette Trust Co. v. D'Addario, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293534 (October 7, 1993, Maiocco, J., 10 Conn. L. Rptr. 224); Shoreline Bank TrustCo. v. Leninski, Superior Court, judicial district of New Haven at New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.,8 Conn. L. Rptr. 522, 524); Bristol Savings Bank v. Miller, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 512558 (October 19, 1992, Aurigemma, J.,7 Conn. L. Rptr. 517, 518). "The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Dime Savings Bank v. Albir,
supra. See also The Bank of Darien v. Wake Robin Inn, Inc., supra;Eastrich Multiple Investor Fund v. Hewitt, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 136598 (January 23, 1995, D'Andrea, J.).
As aforesaid, breach of an implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action in Connecticut. See Dime Savings Bank v. Albir,
supra. See also Berkeley Federal Bank Trust v. Phillips,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996, West, J.). Nevertheless, the CT Page 5284-QQQQQQQQ defendants have failed to allege facts sufficient to show breach of a covenant of good faith and fair dealing. Specifically, the defendants have failed to allege that the expectations of the contracting parties were other than those embodied in the mortgage and/or note. See Magnan v. Anaconda Industries, Inc., 193 Conn. 538,567, 479 A.2d 781 (1984). Moreover, the defendants' allegations, which relate to the alleged solicitation of tenants by the plaintiff in its capacity as a commercial landlord, do not attack the making, validity or enforcement of the note itself. See Lafayette Trust Co. v. D'Addario, supra. Accordingly, the defendants' second special defense is legally insufficient.
Based on the foregoing, the plaintiff's motion to strike the defendants' second special defense is granted.
WEST, J.