[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Motion to Strike is denied as to special defenses one through five but is granted as to special defense six.
 I.
In this action to enforce promissory notes the special defenses are not CT Page 3520 limited to the making validity or enforcement of the note. Petterson v.Weinstock, 106 Conn. 436, (1927). Even in a foreclosure action the defense of breach of covenant of good faith and fair dealing has consistently been recognized. CitiCorp. Mortgage Co. v.Kerzner, 8 Conn. L. Rptr. 7, 229 (1993). Moreover, section 42a-3-305(a)(2) (or section 42-3-306, its predecessor) applies here and thus all defenses available to the defendant in an action to enforce a simple contract are available here. This is especially so in this case because the plaintiff has not alleged status as a holder in due course and the defendant has asserted facts offered to support its claim that the plaintiff is not a holder in due course.
Finally, the relationship between a general partner and the limited partnership is fiduciary in nature. Konover DevelopmentCorp. v. Zeller, 228 Conn. 206, 220 (1994). The defendant has alleged breach of fiduciary duty by a general partner. If the plaintiff is not a holder in due course as alleged, the plaintiff may have taken the notes subject to this defense. See section42a-3-303(b) (formerly section 42a-3-408).
 II.
The sixth special defense asserts nothing more than a legal conclusion and therefore is legally insufficient. NovametrixMedical, Inc. v. B.O.C. Group, Inc., 224 Conn. 210, 215 (1992).
MOTTOLESE, JUDGE