[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
This is a foreclosure action in which the plaintiff, Lasalle National Bank, has filed a motion for summary judgment against the defendants, Winthrop C. Shook and Janice C. Shook.[1] The plaintiff alleges in its amended complaint, filed on March 12, 1999, that the defendants signed an amended and restated promissory note promising to repay the plaintiff a principle sum of $278,670.63 along with interest and other charges. This CT Page 8267 transaction modified a previous agreement between the New England Savings Bank and the defendants.[2] The amended promissory note was secured by a mortgage and security agreement for a parcel of land in East Lyme, Connecticut known as 245 Boston Post Road. The defendants then failed to make any mortgage payments on, or after, August 1, 1997.
The defendants have raised three special defenses to this foreclosure action. They are: 1) that LaSalle failed to provide them with a payment address, 2) laches and 3) that the acceleration of the payment due was ineffective. All three defenses relate to the claimed failure of the plaintiff to provide the defendants with any information as to where to make their monthly mortgage payments.
Pending before the court is the plaintiffs motion for summary judgment, which is accompanied by a copy of the amended and restated promissory note; the open-ended mortgage deed, security agreement and assignment of leases and rentals; two affidavits by Stephen C. Buckley, dated February 22, and March 17, 2000; portions of a certified copy of Winthrop C. Shook's deposition; a letter to the defendants, dated July 13, 1998, notifying them that they were in default; and a letter dated November 24, 1998, to the defendants informing them that negotiations were terminated and the note was being accelerated. In response, the defendants submitted a memorandum in opposition to this motion for summary judgment with the following exhibits: the affidavit of Winthrop C. Shook, dated March 15, 2000; copies of facsimiles sent to Lennar Partners on September 1, September 3, and September 11, 1997; and the affidavit of Theodore A. Harris, dated March 20, 2000.
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." (Internal quotation marks omitted.)Doucette v. Pomes, 247 Conn. 442, 452, 724 A.2d 481 (1999). [A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-555, 707 A.2d 15 (1998). A material fact is "a fact which will make a difference in the result of the case. Hammer v. Lumbermen's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).
The defendants have asserted three special defenses to the plaintiffs foreclosure action. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but CT Page 8268 demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp.,249 Conn. 1, 17, 730 A.2d 1128 (1999). When a complaint and supporting affidavits establish an undisputed prima facie case for a foreclosure action, a court must only determine whether the special defense is legally sufficient before granting summary judgment. NationBanc MortgageCorp. of New York v. Correl, Superior Court, judicial district of New London at New London, Docket No. 108152 (Jan. 25, 1999, Mihalikos J.) see also Mechanics Savings Bank v. Walker, Superior Court, judicial district of Hartford at Hartford, Docket No. 500701 (March 13, 1995, Corradino,J.) (14 Conn.L.Rptr. 129) (If the underlying claim is valid and the special defenses are not supportable, the court can grant summary judgment in the plaintiffs behalf). The only issue before this court is whether the defendants have stated a legally sufficient special defense or special defenses.
The plaintiff argues that it is entitled to summary judgment because the defendants are in default and their special defenses are impermissible in this foreclosure action. It is undisputed that the defendants have not made any monthly mortgage payments since October, 1997. The plaintiff further argues that under the terms of the note, the mortgage is in default and upon default, the holder of the note has the right to accelerate the debt and foreclose on the mortgage. The plaintiff avers that the defendant's special defenses are insufficient as a matter of law because they challenge acts by LaSalle that are unrelated to the making, validity or enforcement of the note and mortgage. The plaintiff also argues that the defendants had an address at which to send mortgage payments; the defendants were not prejudiced by any inexcusable delay; and that the plaintiff satisfied the acceleration provisions of the note and mortgage, when it properly accelerated the debt.
The defendants reply that they have three valid special defenses relating to the failure of the plaintiff to provide any information as to where to make monthly mortgage payments. These arguments are equitable in nature, and the defendants argue that the court may consider equity when rendering a judgment on a foreclosure matter. The defendants describe their situation as analogous to that of the defendants in Petersonv. Weinstock, 106 Conn. 436, 138 At 433, [138 A. 433], (1927), a case in which the court granted equitable relief after the defendants mistakenly missed a mortgage payment, and plaintiff foreclosed on their mortgage, without warning.
This court has previously recognized that "[t]he traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed CT Page 8269 mistake. accident[,] fraud, equitable estoppel, CUTPA, laches[,] breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder. . . ." (Internal quotation marks omitted.) First Nationwide Mortgage Corp. v. Murphy, Superior Court, judicial district of New London, Docket No. 550981 (November 19, 1999,Martin J.); see also Southbridge Associates. LLC v. Garofalo,53 Conn. App. 11, 15-16, 728 A.2d 1114, cert. denied, 249 Conn. 919,733 A.2d 229 (1999) (Trial court properly granted the motion for summary judgment because the special defense did not attack the making, validity or enforcement of the notes and mortgages.)
In the present case, the defendants do not claim that the note and mortgage at issue were improperly made or invalid. The defendants rely on their argument that the enforcement of their note and mortgage was inequitable for one of the three reasons that form the basis of their special defenses. The first of these special defenses is that the plaintiff failed to communicate with the defendants and provide them with a proper payment address. "[I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure can not be had." Petterson v. Weinstock, 106 Conn. 436, 442, 138 At 433, [138 A. 433], (1927) Because the defendant's first special defense is functionally identical to the special defense of mistake as found in Petterson v. Weinstock, this court will treat it as a mistake defense, recognizing, however, that not all mistakes are a sufficient defense to a foreclosure action. See id, 443.
The defendants have submitted in support of their opposition to the plaintiffs motion for summary judgment, copies of three separate letters they sent by facsimile in September 1997 to Lennar Partners, the special servicing agent for LaSalle National Bank. These letters indicate that Lennar was not responding to the defendant's inquiries. The last, on September 11, 1997, asks where the mortgage payments should be made. In support of its motion, the plaintiff has submitted a copy of a letter that it sent by facsimile to the defendants on July 13. 1998, informing CT Page 8270 them of the correct payment address and that: "due to the unusual circumstance surrounding the lack of contact we are prepared to waive certain amounts depending on the amount and timing of your payment. We will discuss this further and come to a simple agreement that we will reduce to writing."
Although the defendants have submitted evidence to establish that they did not know where to send their mortgage payments, once the defendants were advised by the plaintiffs July 13, 1998 facsimile of the proper payment address, the mistake defense no longer applies. The fact that the defendants defaulted on their mortgage payments due to mistake did not permit them to refuse to pay their mortgage after the mistake had been rectified. In Petterson v. Weinstock, supra, equitable relief was granted under the following circumstances. The defendants mistakenly defaulted on their mortgage. The plaintiff then immediately foreclosed upon the defendants, accelerating this mortgage without contacting the defendants about their default or providing them with any warning of the impending acceleration and foreclosure. The plaintiff even refused the defendant's offer to pay interests and costs immediately after their default was brought to the defendant's attention. Petterson v. Weinstock, supra.106 Conn. 446.
In the present case the defendant has offered no evidence that the plaintiff attempted to take advantage of the defendant's mistake by 1) immediately beginning foreclosure proceedings or 2) refusing to accept any mortgage payments. Furthermore, the plaintiff sent its acceleration and foreclosure letter to the defendants on November 24, 1998, after five months of negotiations. The facts of this case are dramatically different from those in Petterson v. Weinstock, where foreclosure immediately, and without warning, followed the defendant's inadvertent default. As long as the plaintiff did not deliberately seek to take advantage of the defendant's mistake to foreclose against them with little or no warning, as happened in Petterson v. Weinstock supra, 106 Conn. 446, the defendants can not rely on the equitable defense of mistake.
The defendant's second special defense asserts laches. "Laches consists of an inexcusable delay which prejudices the defendant." Federal DepositInsurance Co. v. Voll. 38 Conn. App. 198, 210, 660 A.2d 358, cert denied, 235 Conn. 903, 665 A.2d 901 (1995). "Laches consists of two elements. First there must have been a delay that was inexcusable, and second, that delay must have prejudiced the defendant." Id. It is not clear from the defendants' memorandum of law whether they are arguing: that the delay between the time they defaulted, and the date they were notified of this default, was prejudicial; the delay between their notification of default, and the filing of the foreclosure action was prejudicial: or the delay between the defendant's actual default, and the CT Page 8271 filing of the foreclosure action. was prejudicial. In his deposition Winthrop Shook indicates, however, that the last alternative forms the basis for his laches special defense. (Deposition transcript, p. 68-69).
The defendants have provided no evidence to support their contention that this delay was inexcusable, or substantially prejudiced the defendants since the plaintiff did not immediately foreclose against the defendants after renewing contact with them in July of 1998. When asked during his deposition if he was prejudiced in any way by the amount of time it took for LaSalle to file for foreclosure, Winthrop Shook replied "no". (Deposition transcript, p. 68). The defendants have not provided any facts to support a claim of laches.
The defendants assert as their third special defense, that the acceleration of their mortgage was ineffective. The plaintiff responds by pointing out that according to the language of Section 2.1 and 2.5 of the mortgage, formal demand and notice was not required prior to acceleration. "Notice of default and acceleration are controlled by the mortgage documents. Construction of a mortgage deed is governed by the same rules of interpretation that apply to written instruments or contracts generally, and to deeds particularly." CHFA v. John Fitch CourtAssociates Ltd. Partnership, 49 Conn. App. 142, 149, 713 A.2d 900, certdenied 247 Conn. 908, 719 A.2d 901 (1998). The defendants base their third special defense on the observation that they were in default before they knew where to send their mortgage payments. The undisputed facts also show that they remained in default even after they were contacted by the plaintiff in July of 1998.
Although a trial court must view the evidence in the light most favorable to the nonmoving party when deciding a motion for summary judgment; Levine v. Advest, Inc., 244 Conn. 732, 743, 714 A.2d 649
(1998); the defendants have failed to support their third special defense by offering any evidence that their mortgage was subjected to acceleration immediately after they were provided the proper address for mortgage payments. The plaintiff has submitted a copy of its acceleration notice, dated November 24, 1998, five months after the defendants were contacted in regard to their default. In the absence of any evidence that would establish a factual dispute regarding the inequity of the plaintiffs acceleration of the defendants' mortgage, this court will not exercise its discretion to recognize the defendants' claims as a defense to a foreclosure action.[3]
In view of the evidence existing in this case, it is clear that there are no genuine issues of material fact as to the plaintiffs complaint. The special defenses, as offered by the defendants, are legally insufficient to prevent foreclosure. Consequently, the plaintiffs motion CT Page 8272 for summary judgment is granted.
Martin, J.