[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE 
On January 21, 2000, the plaintiff, Charles Lake, brought this foreclosure action alleging the following facts. In May 1987, the plaintiff and the defendant, Gwendolyn Lake, entered into an agreement to settle claims between them regarding the issues of maintenance, support, alimony, and claims of property in a pending divorce action. Pursuant to the terms of that agreement, the defendant was obligated to pay the plaintiff $43,865 principle plus interest in exchange for acquiring the plaintiff's interest in the real estate property that they had jointly owned during the marriage. To secure payment of the sum owed, the defendant executed a mortgage on the real estate property in favor of the plaintiff. Under the terms of the agreement, the sum, together with all interest accrued, was due and payable upon graduation from high school of their then minor child, Jonathan Lake. The parties also promised in the agreement to use their "best efforts" to pay for their son's post-secondary school education. Jonathan Lake graduated from high school in June, 1995.
The defendant has not paid any part of the principle or interest due. The plaintiff made a written demand on the defendant for the total outstanding indebtness of $88,314 in December, 1999. The defendant has not cured the default after this demand. The plaintiff then elected to accelerate the amount owing on the mortgage and filed this foreclosure action.
On April 20, 2000. the defendant filed an amended answer, special defense, and counterclaim. In her special defense, the defendant claims that the plaintiff should be estopped from foreclosing the mortgage because his conduct was inequitable. The defendant alleges that the plaintiff was required to use his "best efforts" to contribute to their child's college education under the marital settlement agreement and that the plaintiff purposely failed to demand repayment of the mortgage, while CT Page 567 their son was in college, so that he could claim that he had no money to contribute to the child's education. The defendant alleges that she has been paying for their son's higher education all by herself.
In the counterclaim, the defendant seeks to recover the expenses that she has contributed to their son's education. The defendant argues that she should receive a credit for the sums that she has paid for the son's education against any amount that the court finds is due and owing on the mortgage because the plaintiff has breached his duty under the marital settlement agreement.
On June 23, 2000, the plaintiff filed a motion to strike the defendant's special defense and counterclaim on the ground that the special defense is legally insufficient in a foreclosure action. The plaintiff also argues that the counterclaim should be stricken because it is legally insufficient in a! foreclosure action. On July 6, 2000, the defendant filed an objection to the motion to strike.
Practice Book § 10-39(a) provides that "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Further, in considering this motion, the court is obligated to "take the facts to be those alleged in the special defense and to construe the defenses in the maimer most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992).
The defendant asserts a special defense of equitable estoppel. Specifically, she claims that the plaintiff purposely did not demand payment of any amounts due on the mortgage when their son graduated from high school in 1995, 50 that he could claim that he had no money to contribute to finance his son's higher education. "At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." (Citation omitted.) Petterson v. Weinstock, 106 Conn. 436,441, 138 A. 433 (1927). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . .Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." Mercantile Bank v. Hurowitz, CT Page 568 Superior Court, judicial district of New Haven at New Haven, Docket No. 381091 (May 2, 2000, Celotto, J.) "These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Id.
In order to assert a valid claim for equitable estoppel, the defendant must allege "two essential elements . . . the [plaintiff does or says] something which is intended or calculated to induce [the defendant] to believe in the existence of certain facts and to act upon that belief; and the [defendant], influenced thereby must actually change his position or do something to his injury which he otherwise would not have done. Estoppel rests on the misleading conduct of one party to the prejudice of the other. In the absence of prejudice, estoppel does not exist." (Internal quotations marks omitted.) W v. W, 248 Conn. 487, 496-97,728 A.2d 1076 (1999).
The plaintiff's motion to strike the special defense is granted as the defendant has failed to allege any facts to satisfy the elements of equitable estoppel. There is no factual allegation that the plaintiff has engaged in any misleading conduct which induced the defendant to act to her own detriment. See SKW Real Estate Ltd Partnership v. MitsubishiMotor Sales of America, Inc., 56 Conn. App. 1, 8, 741 A.2d 4 (1999), cert denied, 252 Conn. 931, 746 A.2d 793 (2000). For instance, the defendant has not alleged that the plaintiff purposely avoided foreclosing on the mortgage in exchange for the defendant's assumption of the sole responsibility of financing their son's college education.[1] In addition, the special defense of equitable estoppel is stricken because it fails to attack the making, validity or enforcement of the mortgage; it merely attacks the conduct of the lienholder See, e.g., PHH U.S.Mortgage Corp. v. Roman, Superior Court, judicial district of New London at New London, Docket No. 551906 (January 16, 2000, Martin, J.) ("the defenses . . . cannot attack some act or procedure of lienholder"). For instance, there is no allegation that the defendant's obligation to pay on the mortgage was contingent, in any way, on the plaintiff's purported obligation to contribute to their son's educational expenses.
Furthermore, the defendant relies on Petterson v. Weinstock, supra,106 Conn. 436, to support her argument that in an equitable action, such as the present one of foreclosure, the court should examine "[t]he conduct of the parties in bringing about the present situation. . . ." Id., 444. The defendant's reliance on Petterson is, however, unjustified CT Page 569 because Petterson merely stands for the well established principle that courts have allowed mistake or accident as a special defense to a foreclosure action. See Id., 442-45; see also Southbridge Associates LLCv. Garofalo, 53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied,249 Conn. 919, 733 A.2d 229 (1999). Because the defendant has not alleged any "natural" mistake on her part, which was not fairly attributable to culpable negligence, the Petterson-type exception to foreclosure does not apply. Accordingly, the plaintiff's motion to strike the defendant's special defense is hereby granted.
The plaintiff has also moved to strike the defendant's counterclaim of setoff because it is not based on the same cause of action as the underlying action for foreclosure of a mortgage. Practice book § 10-10
provides that "[i]n any action for legal or equitable relief; any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." As alleged by the defendant, the plaintiff's duty to contribute to his son's college education, if any, arises out of the marital settlement agreement. There is no allegation that the plaintiff's alleged duty arises out of the mortgage agreement. Therefore, the plaintiff's motion to strike the counterclaim is hereby granted.[2]
As the defense fails to attack the making, validity, or enforcement of the mortgage and because the defendant has failed to allege the requisite elements of estoppel, the plaintiff's motion to strike the special defense of estoppel is hereby granted. Additionally, because the claim asserted does not arise out of the same mortgage transaction, the plaintiff's motion to strike the counterclaim is hereby granted.
HICKEY, JUDGE TRIAL REFEREE