[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF AVON FINANCIAL'S MOTION TO STRIKE(No. 107)
A. FACTS:
On April 9, 1996, Avon Financial, LLC (the plaintiff), filed a summons and a single count complaint. The allegations of the complaint are as follows. Raymond J. Dolan and Toni I. Dolan (the defendants) own and are in possession of the premises known as 110 Wesleyan Road, Glastonbury, Connecticut. The defendants owned and were in possession of the aforementioned property on January 21, 1993. On January 21, 1993, the defendants were indebted to the FDIC as Receiver for Central Bank in the principal amount of $71,817.42 by virtue of a deficiency judgment entered against the defendants in the Superior Court, judicial district of Hartford-New Britain at New Britain (Docket No. 442209). The FDIC as Receiver for Central Bank assigned all of its interest in the aforementioned foreclosure action to the plaintiff. On March 4, 1996, the plaintiff recorded a judgment lien against the defendants' property. The defendants have failed, neglected, and/or refused to make any payments on the deficiency judgment. The complaint seeks foreclosure of this judgment lien, possession of the premises, CT Page 7594 reasonable attorneys fees and such other and further relief as the court may deem just and equitable.
On May 16, 1996, the defendants filed an answer which included four special defenses.[1]
On July 23, 1996, the plaintiff moved to strike all four of the defendants' special defenses.
B. DISCUSSION:
The function of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994); Practice Book section 152. A motion to strike is the proper vehicle for contesting the legal sufficiency of a special defense. Practice Book section 152(5);Krasnow v. Christensen, 40 Conn. Sup. 287, 288, 492 A.2d 850
(1985). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion."Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27
(1980); Blancato v. Feldspar, 203 Conn. 34, 44, 522 A.2d 1235
(1987). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). When ruling on a motion to strike the court must construe the facts most favorably to the nonmoving party. Novametrix Medical Systems v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The plaintiff sets forth two grounds in support of his motion to strike. First, the plaintiff argues that the defendant's special defenses are insufficient on their face. Second, the plaintiff argues that the particular special defenses alleged by the defendants cannot be used in a foreclosure action.
The defendants respond to the plaintiff's first argument by asserting that their special defenses are sufficient on their face.[2] The defendants respond to the plaintiff's second argument by asserting that the particular special defenses alleged in the present case can be used to defend against a foreclosure action.
General Statutes § 52-380a(a) authorizes the filing by a judgment creditor of liens on the real property of a judgment debtor to secure "the unpaid amount of any money judgment, including interest and costs. . . ." Subsection (c) of § 52-380a
CT Page 7595 provides that a judgment lien on real property "may be foreclosed or redeemed in the same manner as mortgages. . . ."
At common law, the defenses available in a foreclosure action were limited to payment, discharge, release, satisfaction or invalidity of a lien. Connecticut National Bank v. Grella Family,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292814 (August 19, 1993, Leheny, J.); citing Pettersonv. Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927). In Pettersonv. Weinstock, the Supreme Court recognized accident, mistake, and fraud as additional defenses available in a foreclosure action and noted that the recognition of these additional defenses to foreclosure represented a "fine example of the triumph of equitable principles over the arbitrary and unjust dogmas of the common law."Petterson v. Weinstock, supra, 106 Conn. 441.
Modern courts, adopting the rational of the Petterson court have allowed several additional defenses to be raised in foreclosure actions, including "equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration."Teachers Insurance v. Board and Hanrahan, Superior Court, judicial district of Stamford-Norwalk at Norwalk, Docket No. 132304 (June 28, 1995, Hickey, J.); Citibank v. Twerdahl, Superior Court, judicial district of Stamford-Norwalk at Stamford, No. 145533 (March 18, 1996, Hickey, J.). These additional defenses have been recognized by the courts "because foreclosure is equitable, [and] courts have recognized that flexibility is required in certain situations." Hans L. Levi, Inc. v. Kovacs, Superior Court, judicial district of Litchfield, Docket No. 056101 (November 4, 1991, Pickett, J., 5 Conn.L.Rptr, 260), citing Hamm v. Taylor,180 Conn. 491, 497, 429 A.2d 946 (1980); see Reynolds v. Ramos,188 Conn. 316, 320, 449 A.2d 182 (1982); Glotzer v. Keyes, 125 Conn. 227,231, 5 A.2d 1 (1939). "[A] trial court in foreclosure proceedings has discretion, on equitable considerations and principles, to withhold foreclosure or to reduce the amount of the stated indebtedness." Hamm v. Taylor, supra, 180 Conn. 497; seeOlean v. Treglia, 190 Conn. 756, 771, 463 A.2d 242 (1983).
Nonetheless, there are limits as to which equitable defenses may be used in a foreclosure action. "While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they attack the making, validity or CT Page 7596 enforcement of the lien, rather than some act or procedure of the lienholder." Dime Savings Bank of New York v. Furey, SuperiorCourt, judicial district of Ansonia-Milford, No. 047557 (April 1, 1996, Curran, J.); Dime Savings Bank of New York v. Albir,
Superior Court, judicial district of Stamford-Norwalk, No. 132582 (February 7, 1995, D'Andrea, J.). "The rationale behind this view is the . . . special defenses which are not limited to the making, validity or enforcement of the lien fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action."Lawall Realty, LTD. v. Auwood, Superior Court, judicial district of New London at New London, No. 527050 (March 1, 1994, Leuba, J.).
DEFENDANTS' FIRST SPECIAL DEFENSE[3]
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). A cause of action is defined as a "single group of facts which is claimed to have brought about an injury to the plaintiff and which entitles the plaintiff to relief." Gurliacci v. Mayer, 218 Conn. 531, 546-47,590 A.2d 914 (1991). The defendants' first special defense is devoid of any facts as to the fair market value of the subject property. Furthermore, the defendants allege no facts indicating that the plaintiff's intention is to harass or vex the defendants by foreclosing on the judgment lien. "Mere conclusions of law, absent sufficient factual allegations to support them are subject to a motion to strike." American Bank v. Mango, Superior Court, judicial district of Waterbury at Waterbury, No. 126053 (January 16, 1996, Pellegrino, J.); citing Cavallo v. Derby Savings Bank,188 Conn. 281, 285, 449 A.2d 986 (1982). Because the defendants' first special defense fails to allege any facts which are consistent with the allegations of the plaintiff's complaint but demonstrate, nonetheless, that the plaintiff has no cause of action, it is stricken.
DEFENDANTS' SECOND SPECIAL DEFENSE[4]
General Statutes § 52-380f provides in pertinent part that "any person interested, . . . in any real or personal property covered by a judgment lien may apply to the court for discharge of the lien as to a portion of the property, alleging that the lien covers more than sufficient property to reasonably secure the judgment. The court may, . . . discharge from the lien any of the CT Page 7597 property which is not needed for the reasonable security of the judgment." General Statutes § 52-380f does not show that the plaintiff has no cause of action, nor does it attack the making, validity, or enforcement of the judgment lien itself, rather, § 52-380f
merely provides that a party interested in encumbered property can apply to the court for discharge. Therefore, the defendants' second special defense fails, and is stricken.
DEFENDANTS' THIRD SPECIAL DEFENSE[5]
General Statutes § 52-352b(r) provides in pertinent part that "The following property of any natural person shall be exempt: . . . . (r) Any interest of the exemptioner in any property not to exceed in value one thousand dollars[.]" "[A]ny . . . exemption contained in section 52-352b, does not attack the making, validity or enforcement of the lien, nor does it in any other way show that the plaintiff has no cause of action." Pennie Edmonds v. Hill,
Superior Court, judicial district of Fairfield at Bridgeport, No. 321668 (September 11, 1995, Tobin, J.). General Statutes § 52-352b
merely provides for the exemption of property from prejudgment attachment and postjudgment remedies, it does not demonstrate that the plaintiff has no cause of action, nor does it attack the making, validity, or enforcement of the judgment lien. Therefore, the third special defense is stricken.
DEFENDANT'S FOURTH SPECIAL DEFENSE[6]
The defendants' fourth special defense, "based on unjust enrichment, cannot be sustained as a matter of law. Irrespective of any facts proved, this defense is without merit because unjust enrichment is a cause of action which permits recovery; it is not a defense which precludes recovery by another party." Thibault v.Buckmiller, Superior Court, judicial district of Waterbury Housing Section, No. SPWA-9007-08503 (December 31, 1991, Vertefeuille, J.). Therefore, the fourth special defense is stricken.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the plaintiff's motion to strike, ought to be and is hereby granted as to all four of the defendants' special defenses.
It is so ordered,
SALVATORE F. ARENA, J. CT Page 7598