[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #112
The plaintiff, Fleet National Bank, brings this action against the defendants, Richard T. Martin and Marie A. Martin to foreclose a mortgage encumbering their real property located at 64 Woodmere Road, Waterbury, Connecticut. In its complaint the plaintiff alleges that on November 8, 1991, the defendants executed and delivered a note in favor of The Bank Mart, in the principal amount of $129,510 and secured same with a mortgage. The Bank Mart then assigned the note and mortgage to the Federal Deposit Insurance Corporation.
The plaintiff is the holder of the note and mortgage by virtue of an assignment from the Federal Deposit Insurance Corporation to Gateway Bank (now Fleet National Bank). The note and mortgage are in default for non-payment and the plaintiff has accelerated all sums due and owing under same.
The defendant, Marie A. Martin, filed a revised answer, special defenses and counterclaim on November 8, 1999. The plaintiff moves to strike her revised answer, special defenses and counterclaim on the ground that the answer is insufficient as a matter of law, the first and second special defenses fail to attack the making, validity or enforcement of the note and mortgage, and the counterclaim does not arise out of the same transaction as the complaint and is not proper under Practice Book § 10-10. Marie A. Martin filed a timely objection to the plaintiff's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike, admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997)
"In . . . ruling on the bank's motion to strike, the trial court recognize[s] its obligation to take the facts to be those CT Page 5297 alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997).
The plaintiff moves to strike the revised answer on the ground that it is insufficient as a matter of law. In her revised answer, Marie A. Martin states that she is without sufficient knowledge or information to either admit or deny the existence of the note alleged in paragraph one of the complaint. The plaintiff argues that where an answer claims insufficient knowledge regarding the execution of a note and mortgage, the answer is subject to a motion to strike. The defendant, Marie A. Martin, concedes that her answer is insufficient as a matter of law. Consequently, plaintiff's motion to strike the revised answer is granted.
"[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see also Connecticut National Bank v. Voog, 233 Conn. 352, 354-55,658 A.2d 172 (1995); Girard v. Weiss, 43 Conn. App. 397,417, 682 A.2d 1078, cert. denied, 239 Conn. 946 (1996). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana InvestmentCorp., 249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book § 10-50.
"At common law, the only defenses to an action of [foreclosure] would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien . . . Petterson v.Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927) Moreover, our courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had . . . Id., 442. Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability; Hamm v.Taylor,. . . [180 Conn. 491, 494-96, 429 A.2d 946 (1980)]; abandonment of security; Glotzer v. Keyes, 125 Conn. 227, 233, 5 A.2d 1
(1939); and usury. Atlas Realty Corp. v. House, 120 Conn. 661, CT Page 5298 669-70, 183 A. 9 (1936), overruled in part on other grounds,Ferrigno v. Cromwell Development Associates, 244 Conn. 189, 202,708 A.2d 1371 (1998)." (Internal quotation marks omitted.)Southbridge Associates, LLC v. Garofalo, 53 Conn. App. 11, 15-16,728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229
(1999).
"In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident[,] fraud, equitable estoppel, CUTPA, laches[,] breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder. . . ." (Internal quotation marks omitted.) OcwenFederal Bank FSB v. Weinberg, Superior Court, judicial district of New London at New London, Docket No. 547629 (August 11, 1999,Mihalakos, J.); see also Southbridge Associates, LLC v.Garofalo, supra 53 Conn. App. 11.
Maria A. Martin's first special defense states "[t]he Defendant made payments in accordance with the Note until such time as the Plaintiff refused to accept payments." The plaintiff properly argues that this special defense is legally insufficient and must be stricken because it does not attack the making, validity or enforcement of the note or mortgage and any refusal by the plaintiff to accept monthly payments after it has declared a default and accelerated the indebtedness is not a valid defense to a foreclosure action.
Clearly, the allegations contained in this special defense do not attack the making, validity or enforcement of the mortgage; rather, the allegations refer to the conduct of the plaintiff during the course of the relationship. "Courts have held that the defenses to foreclosure are recognized only when CT Page 5299 they attack the note itself rather than some behavior of the mortgagee." Dime Savings Bank of New York, FSB v. Furey,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.) Moreover, "[t]he Superior Court has found that defenses dealing with the conduct of the lender after execution of the mortgage may not be asserted in a foreclosure action as a defense, and such assertions do not deal with the making, validity or enforcement of the note." Federal National Mortgage Assn. v. Mallozzi,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 165698 (February 10, 1999, Hickey, J.) Accordingly, defendant Martin's first special defense is stricken.
Her second special defense provides, "[t]he Plaintiff miscalculated escrow charges and late payments requiring that there be an adjustment in payments made. These errors on the part of the Plaintiff caused the Plaintiff to refuse to accept payments." The plaintiff argues that alleged miscalculations of interest and other charges are not equitable defenses that may be raised in a foreclosure.
Courts have held that where special defenses merely allege errors in calculation, as opposed to wilful overcharging, they do not attack the making, validity or enforcement of the mortgage. See GMAC Mortgage Corp. v. Ferrante, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343559 (October 3, 1997, West, J.) (granting plaintiff's motion to strike special defenses alleging overcharging and inaccuracy in assessing sums); ALI Inc. v. Veronneau, Superior Court, judicial district of Waterbury, Docket No. 126431 (October 11, 1996,Kulawiz, J.) (17 Conn.L.Rptr. 677, 679) ("Miscalculat[ions] [of] the amount of interest and other charges for which the defendants are allegedly liable. . . . [do] not amount to an equitable defense which may be raised in a foreclosure action.");Federal Deoosit Ins. Corp. v. Brunetti, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 294979 (March 31, 1993, Fuller, J.) ("Proper calculation of the mortgage debt . . . does not require a special defense.").
Since the miscalculated escrow charges and late payments alleged in the second special defense occurred subsequent to the making of the note and mortgage, they do not relate to the making, validity or enforcement of the same. Accordingly, the second special defense is stricken. CT Page 5300
"In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." (Emphasis added.) Practice Book § 10-10.
"Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside the note or mortgage." (Internal quotation marks omitted.) Home Savings Bank of America v. Newkirk, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150962 (January 5, 1998, Hickey, J.). "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Middletown v. 180 Johnson Road, Inc.,
Superior Court, judicial district of Middlesex at Middletown, Docket No. 082578 (January 6, 1998, Feinberg, J.); see also Practice Book § 10-10.
Maria A. Martin's two count counterclaim alleges breach of covenant of good faith and fair dealing as a result of the plaintiff's alleged failure to accept payments and violation of the Connecticut Unfair Trade Practices Act (CUTPA). Both counts of the revised counterclaim contain allegations against the plaintiff that occurred subsequent to the execution of the note and mortgage dated November 8, 1991. The plaintiff argues that the alleged violation of the covenant of good faith and fair dealing does not attack the validity or enforcement of the note or mortgage and that the counterclaim attacks the procedures and actions of the plaintiff subsequent to the execution of them. Additionally, the plaintiff contends that Maria A. Martin has failed to plead any factual allegations that constitute a cause of action under CUTPA.
It appears that the revised counterclaim should be stricken under the same reasoning as the special defenses since the allegations contained in the revised counterclaim do not attack the making, validity, or enforcement of the note or mortgage. The revised counterclaim only addresses the conduct of the plaintiff after the note and mortgage had been executed. The revised counterclaim, therefore, is insufficient as a matter of law. See GE Capital Mortgage Serv. v. McCormick, Superior CT Page 5301 Court, judicial district of Hartford-New Britain at New Britain, Docket No. 478284 (August 20, 1998, Leheny, J.) (striking CUTPA counterclaim because the allegations do not attack the making, validity or enforcement of the note or mortgage); Centerbank v.Motor Inn Assn., Superior Court, judicial district of New Haven at New Haven, Docket No. 335869 (August 2, 1993, Thompson, J.) (9 Conn.L.Rptr. 505, 506) (holding the CUTPA counterclaim does not address the making, validity or enforcement of the note and mortgage).
For the foregoing reasons, the plaintiff's motion to strike the revised special defenses and counterclaim is granted.
___________________, J. THOMAS G. WEST