[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Evelyn R. Attick (hereinafter, "the defendant"), has appealed from a judgment of strict foreclosure that was entered against her on July 3, 2000. Pursuant to Practice Book § 61-11, the plaintiff, Banker's Trust Company (hereinafter "the plaintiff"), has filed under date or August 30, 2000, a Motion to Terminate the Automatic Stay of Execution, and under date of September 27, 2000 an Amended Motion to Terminate the Automatic Stay of Execution. The defendant has filed a "Statement in Opposition to Motion to Terminate Automatic Stay" under date of September 9, 2000.
Practice Book § 61-11, provides in relevant part that "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause." Application of this section of the Practice Book stays the enforceability. of a foreclosure judgment provided a timely appeal is taken from that judgment. (See Farmers Mechanics Savings Bank v. Sullivan, 216 Conn. 341,346-47, 579 A.2d 1054 (1990). A timely appeal was taken in the instant matter by the defendant, Evelyn R. Attick.
Practice Book Section 61-11(c) provides that "If the judge who tried the case is of the opinion that (1) the appeal is taken, only for delay or (2) the due administration of justice so requires, the judge may at any time, upon motion and hearing or sua sponte, order that the stay be terminated."
Upon the filing of the plaintiffs Motion, the matter came before the Court for hearing on November 9, 2000 at which time counsel for the plaintiff, Banker's Trust Company, and counsel for the defendant, CT Page 13980 Wildman's Landing, LLC, appeared. The defendant-appellant, Evelyn Attick did not appear at the hearing. The defendant-appellant, Evelyn Attick and has offered no objection, memorandum or argument in opposition to the instant Motion other than the original "Statement in Opposition to Motion to Terminate Automatic Stay" she has filed with the Court under date of September 9, 2000[1].
In the instant Motion, the plaintiff argues that the appeal in this matter has been taken "merely for purposes of delay" and "that the interests of justice require the stay be removed in this particular case." For the reasons set forth below, this court finds that defendant, Evelyn R. Attick's, appeal has been taken only for delay and that the due administration of justice requires that the stay be terminated.
The defendant has raised two appellate issues: "1.) Did the court err in finding that a lack of credible evidence by the Appellant and her son, Nicholas Attick, Jr., was dispositive in light of independent evidence as to arrangements for refinancing to pay off the debt of the underlying mortgage being foreclosed; and, 2.) Did the court err in holding that `tender of payment' is not a defense to a mortgage foreclosure action?"
In its decision in the underlying trial in this matter, this Court entered a specific finding of fact as follows:
 Both Mrs. [Evelyn] Attick and Mr. [Nicholas] Attick testified at the trial of this matter. There were numerous inconsistencies in the testimony of Mrs. Attick and her son. After having considered the testimony of both Mrs. Attick and Mr. Attick, this Court has concluded that neither Mrs. Attick nor her son were credible witnesses. Virtually all of the testimony of Mrs. Attick and Mr. Attick was misleading, ambiguous or equivocal. The Court's finding that the testimony of Mrs. Attick and Mrs. Attick was not credible is dispositive of virtually all of the issues in this case.
In drawing the foregoing conclusion and rendering the foregoing finding, the Court carefully weighed and assessed the credibility of said witnesses. The court was left with impression that neither the Defendant, Evelyn Attick nor Nicholas Attick were credible witnesses. The court's findings as to the lack of credibility on the part of Evelyn and Nicholas Attick was, in fact, dispositive of virtually all other factual issues in this matter. Virtually every factual assertion and defense raised at trial by the Defendent, [Defendant], Evelyn Attick, was CT Page 13981 premised upon the testimony of either herself or her son, Nicholas Attick. Because the court was unable to attach any credibility to the testimony of Evelyn Attick. and Nicholas Attick, and because virtually every issue and defense asserted was premised upon their testimony, the court could certainly not attach any weight to those claimed assertions or defenses.
As regards the second claimed appellate issue, 2.) Did the court err in holding that `tender of payment' is not a defense to a mortgage foreclosure action?" In ruling on this issue at trial, this Court held:
 There is no merit nor is there any recognizable legal basis to Mrs. Attick's special defense that she made "tender of payment" of the mortgage debt . . . There is simply no credible evidence to support such a claim. Moreover, "tender of payment" is not one of the cognizable defenses to a foreclosure action, to wit, payment, discharge, release, satisfaction, or invalidity of the lien.
 There is no credible evidence that Mrs. Attick, with the assistance of her son, had made arrangements for and/or obtained approval for a loan to refinance the mortgage that is being foreclosed in this action. Nor is there any basis for the Defendant's claim that she would have been able to so refinance but for the failure of the Plaintiffs mortgage servicer to provide Mrs. Attick with a mortgage payoff statement. Such claims by the Defendant are simply not supported by any credible evidence elicited at trial.
The court premised its decision on this issue on the line of cases that hold that "At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." Petterson v. Weinstock,106 Conn. 436, 441, 138 A. 433 (1927). Although our courts have permitted several additional equitable defenses to a foreclosure action, such as a claim that the mortgagor has been prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, no credible evidence was presented at trial to support such a claim in this matter.
Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability; Hamm v. Taylor,180 Conn. 494-96; abandonment of security; Glotzer v. Keyes, 125 Conn. 227, (1939); and usury. Atlas Realty Corp. v. House, 120 Conn. 661, 669-70, overruled in part on other grounds, Ferrigno v. Cromwell DevelopmentCT Page 13982Associates, 244 Conn. 189, 202, (1998), but again, no such claims were made in the instant matter by the Defendants or by any one of them.
The Defendant, Evelyn Attick, has failed to appear and be heard on this motion or her opposition to it. No additional argument has been submitted or offered by the Defendant, Evelyn Attick, in support of her opposition to the Motion to Terminate
The Court therefore finds that the defendant's appeal in this matter is taken only for delay. The Court further finds that the due administration of justice so requires that the stay be terminated.
It is accordingly ordered that the stay be terminated.
BY THE COURT
 CARROLL, J.